JOHN ATKINSON, PLAINTIFF IN ERROR, V. DOMINICUS S. HASTY, DEFENDANT IN ERROR.·

1. **County Court**: JURISDICTION. The county court of the county of which a deceased intestate was an inhabitant or resident has jurisdiction to appoint an administrator when these facts are shown and it is made to appear that an administrator is necessary. This jurisdiction is conferred by section 177 of chapter 23 of the Compiled Statutes.

2. ———: ———. During the first thirty days after the death of an intestate, the right of administration is conferred upon the next of kin (or widow, if there is one), or such person as they may select, if suitable and competent to discharge the trust. After the expiration of that time the right is conferred upon the principal creditors of the estate. If no such persons are competent or willing to accept the trust, it is the duty of the county judge to select such other person or persons as he may think proper (Sec. 178, Id.), and for this purpose the discretion is vested in the county judge, to be exercised for the best interest of the estate and those interested therein.

3. ———: PETITION FOR APPOINTMENT OF ADMINISTRATOR. After the expiration of the thirty days provided by section 178, chapter 23 of the Compiled Statutes, within which the widow or next of kin of an intestate may apply for administration of an estate, it is not necessary that a petition for the appointment of an administrator should allege that the person whose appointment is sought is the next of kin or selected by the next of kin to the intestate. Nor would it be necessary after the expiration of about two years after the decease to allege that there were no creditors competent or willing to accept the trust, in order to confer jurisdiction upon the county judge to appoint some other suitable person.

ERROR to the district court for Furnas county. Tried below before GASLIN, J.

*John Dawson* and *Ryan Bros.*, for plaintiff in error.

*W. S. Morlan,* for defendant in error.

REESE, J.

Defendant in error petitioned the county court of Furnas county for letters of administration on the estate of Elizabeth Atkinson, deceased. Upon final hearing plaintiff in error appeared by his attorneys and objected to the granting of administration to the petitioner, but the appointment was made, notwithstanding the objection. The cause was removed to the district court by proceedings in error, where the order of the county court was affirmed. Plaintiff in error brings the case to this court by similar proceedings.

The errors assigned relate to the ruling of the county court on the "objections" to the appointment of defendant in error, filed in that court. These objections were in writing and are as follows:

" *First.* The petition filed states said case in the county court, the county court having no jurisdiction.

" *Second.* The deceased, Elizabeth Atkinson, left no property of any nature whatever to administer.

" *Third.* The applicant, Dominicus S. Hasty, has no interest whatever in this case, and is not the proper party to administer said estate."

The first and second objections are not discussed in the brief of plaintiff in error, and will, therefore, not be noticed here. The whole case seems to be based upon the third; and even in this we must be limited to a very narrow compass, for the question as to whether defendant in error was or was not a proper person to receive the appointment (aside from strictly legal considerations) would depend upon the evidence adduced upon the hearing, none of which is before us.

It is said by plaintiff in his brief that the petition for the appointment "did not allege that defendant was next of kin or such a person as the next of kin requested to be appointed, nor that he was one of the principal creditors,"

nor that there were no such creditors competent nor willing to receive such appointment.

It is insisted that such allegations were necessary to confer jurisdiction on the county court. If it is true that a petition for the appointment of defendant in error was necessary, and if it is also true that such-petition must contain the allegation mentioned in order to confer jurisdiction, then the position of plaintiff in error is correct, and the appointment of defendant in error was a nullity. But we cannot see that the theory of plaintiff in error is the correct one.

Section 178 of chapter 23 of the Compiled Statutes, which provides for the appointment of administrators, is as follows:

"Administration of the estate of a person dying intestate, shall be granted to some one or more of the persons hereinafter mentioned, and they shall be respectively entitled to the same, in the following order: *First.* The widow, or next of kin, or both, as the judge of probate may think proper, or such person as the widow or next of kin may request to have appointed, if suitable and competent to discharge the trust. *Second.* If the widow, or next of kin, or the person selected by them, shall be unsuitable or incompetent, or if the widow or next of kin shall neglect, for thirty days after the death of the intestate, to apply for administration, or to request that administration be granted to some other person, the same may be granted to one or more of the principal creditors, if any such are competent and willing to take it. *Third.* If there be no such creditor competent and willing to take administration, the same may be committed to such other person or persons as the judge of probate may think proper."

It appears by the record that the deceased died on the first day of March, 1883. The application for administration was made February 20th, 1885, nearly two years after

her death.  The time within which any of the next of kin had the exclusive right to the appointment, either for themselves or such suitable person as they might designate, had expired.  More than a year and a half had expired within which a creditor might have been appointed, but none had applied for such appointment.  It then became the duty of the county judge to commit the administration to "such other person" as he might think proper.  The jurisdiction of the county court, by section 177, Id., is made to depend upon the facts that the deceased had died intestate, and was, at the time of his death, an inhabitant or resident of the county in which the court is authorized to act.  These fully appeared by the petition and record before the court. Therefore it had jurisdiction.  It was not necessary that the petition should allege that defendant in error was next of kin to the deceased, nor that the next of kin requested his appointment, for the reason that the thirty days mentioned in the section had passed and the right of appointment no longer belonged exclusively to such persons.  They had waived their rights, as such, to the appointment.  The fact of the death and residence being shown, the duty of selecting an administrator devolved upon the court, under the statute.  In the exercise of that duty, the court appointed defendant in error.  The record shows that on the day on which the cause was heard, and presumably before the final decision, a waiver of the right to administer and request for the appointment of defendant in error was filed by two daughters and a son of deceased, one of the former being the wife of defendant in error.  Whether or not they constituted all the heirs is not shown; but this is, in our view, wholly immaterial, as no such waiver or request was necessary so long after the death of the intestate. Neither could the fact that the petition and waiver were filed, conflict in any degree with the legal right of the court to appoint defendant in error, if he was thought to be a proper person.  The matter was entirely within the discretion of the court.

In Maxwell's Practice in Justices' Courts, at page 315, the author, in discussing this question, says : "The discretion vested in the judge is to be exercised for the good of the estate, and should be so used as will be most conducive to the interests of those interested therein. Other things being equal, a person of good business capacity should be preferred; but in all cases, a person of integrity should be selected." There being nothing found in the record assailing either the capacity or integrity of defendant in error, we must presume he possesses the necessary qualifications and that his appointment was a proper one.

The decision of the district court is therefore affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.