JOHN W. JOHNSON v. THE ESTATE OF LEVI V. JOHNSON, DECEASED.

*Petition for appointment of administrator—Jurisdiction—Report of commissioners on claims—Promissory note—Alteration—Part payment.*

1. A petition for the appointment of an administrator alleging that the petitioner is a creditor of the deceased is sufficient.[1]
2. The action of the probate court in appointing an administrator, where it has jurisdiction, is not open to collateral attack, but should be appealed from if not satisfactory.
3. On an appeal by heirs from the allowance of a claim against the estate, they cannot object to a premature return by the commissioners on claims, which could damnify no one but a creditor who had no opportunity to present his claim.
4. Where a debtor and creditor had an accounting, on which a balance was struck, and secured by the debtor's note, which all parties supposed was correctly dated, but which by mistake was *antedated* one year, which error was corrected by the payee, with no fraudulent intent, after which the payor made two payments on the note,—

   *Held,* that such payments removed the *presumptive* effect of the alteration.
5. In probate court no obligation but that of the deceased can be established against his estate.

   So *held,* where the note of the deceased was signed by his wife as surety; such fact not discharging him from liability.

Error to Ingham. (Gridley, J.) Argued June 10, 1887. Decided June 23, 1887.

Claim against estate of deceased person. Allowed in pro-

[1] See *Wilkinson v. Conaty*, 65 Mich. 614.

bate and circuit courts, and judgment affirmed on error brought by heirs and widow. The facts are stated in the opinion.

*M. D Chatterton,* for appellants.

*George M. Huntington,* for claimant.

CAMPBELL, C. J. In this case claimant presented a claim, evidenced by a note made to him by the decedent, drawn and delivered October 23. 1876, for $572.35, and signed by Levi V. Johnson and Ann E. Johnson, his wife, payable in two years, with 10 per cent. interest.

The claim, having been allowed by the commissioners, was appealed to the circuit court of Ingham county, where it was again allowed, and error is now brought against that allowance.

Several preliminary objections were made to the jurisdiction, based on the supposed insufficiency of the petition for administration. It avers that the petitioner was a creditor of the deceased. This, it is claimed, was not enough, without some details concerning the nature and amount of the debt, and that petitioner was a principal creditor.

It is sufficient to say that the statute requires no such allegations; and the action of the probate court in appointing an administrator, where it has jurisdiction, is not open to collateral attack, but should be appealed from if not satisfactory.

It is also objected that the commissioners made return some days earlier than they should. But inasmuch as they passed on this claim, and such action was appealable, and actually appealed from, no one connected with the estate can set up such an objection. It might have some force in favor of a creditor who had no chance to present his claim before them, but no one else could be damnified.

The circuit court made a special finding, the substance of

which was that on the twenty-third of October, 1876, the claimant and the deceased had a statement of their accounts, which is given fully, and a balance was found due of $572.35, for which it was agreed decedent should give a note, with his wife as surety, which was given accordingly; that the parties all intended to give the true date, but by mistake it was dated 1875, instead of 1876; that this mistake was discovered by claimant after he reached home, and he honestly, and with no fraudulent intent, changed the "5" to a "6;" that Levi V. Johnson, the deceased, made two payments on this note, in 1878 and 1880. Judgment was rendered for the amount due, with 7 per cent. interest, for claimant.

No testimony appears in the record fully except that as to the alteration of the note, and Mrs. Johnson's want of liability as her husband's surety.

It is claimed the note was avoided by the alteration. But it is found expressly that the note was given at its altered date, and was so intended, and that the change was honestly made. The consideration is also found, in an account stated, at the true date. It is also found that two payments were made on it by the deceased, and it is not found he was deceived as to the alteration.

Under these circumstances we think the subsequent payments remove the presumptive effect of the alteration. And, furthermore, the account stated, which was the foundation of the note, would form a new basis of indebtedness, and with interest at 7 per cent., which was all that the court allowed, would lead to the same result.

The fact that Mrs. Johnson was not bound by the note would not discharge her husband, for whom she signed as surety. In the probate court no obligation but that of the deceased could be established, and her liability is unimportant in this proceeding.

The argument presented some unimportant questions, none of which appear to us well raised, except what have

been referred to. The finding shows very clearly a good claim against the estate, and the judgment should be affirmed.

The other Justices concurred.