IN RE APPEAL OF MARY MILLER.

[FILED JULY 1, 1891.]

1. **Administration of Estates:** PETITION. Verification of a petition, for administration of the estate of an intestate, is not necessary to confer jurisdiction.

2. ———: ———: DESCRIPTION OF PROPERTY NOT REQUIRED. It is not necessary in a petition for letters of administration, to set out a description of either the real or personal property belonging to the estate.

3. ———: APPLICATION OF CREDITOR AFTER THIRTY DAYS. When a creditor applies for administration of an estate after the expiration of thirty days after the death of the intestate, it is not necessary to allege in the application that the widow and next of kin of the deceased are unsuitable and incompetent to discharge the trust, or that they failed to apply for letters of administration. The exclusive right of the widow or next of kin to letters of administration expires at the end of thirty days after the death of the intestate.

4. **Judgments:** VALIDITY. While a judgment without a finding to support it may be erroneous, yet it is not for that reason void.

5. **Administration of Estates.** An appeal may be taken to the district court from an order made by a county court granting or refusing letters of administration, and the matter is tried *de novo* in the appellate court.

6. ———: CREDITORS: CLAIMS. When a creditor applies for letters of administration, he must allege and prove that he is a creditor of the intestate, but his claim against the estate need not be filed with the county court before administration is granted.

In re Miller.

Appeal from the district court for Washington county. Heard below before Clarkson, J.

*W. H. Eller*, for appellant, cited: *Christy v. Vest*, 36 Ia., 285; Gary, Prob. Law, 27; *Noakes v. Switzer*, 12 Neb.,160; *Shipman v. Butterfield,* 11 N. W. Rep. [Mich.], 283; *Ex parte Maxwell*, 79 Am. Dec., 65; *Russell v. Hartt*, 87 N. Y., 19; *Jacobs v. Morrow*, 21 Neb., 233; *Jones v. Green*, 1 Wall. [U. S.], 330; *Board of Public Works v. Columbia College*, 17 Id., 530.

*Osborn & Farnsworth, contra,* cited: *M. P. R. Co. v. McCartney*, 1 Neb., 398; *Mills v. Miller*, 2 Id., 317; *Cropsey v. Wiggenhorn*, 3 Id., 117; *Horbach v. Miller*, 4 Id.,43; *Bazzo v. Wallace,* 16 Id., 293; *Atkinson v. Hasty,* 21 Id., 663.

Norval, J.

On the 13th day of July, 1888, Jacob Miller, a resident of Washington county, died at his home in that county. He left surviving him Mary Miller, his widow, and five children. The heirs and next of kin of the deceased having failed and refused to apply for letters of administration for more than ten months, one J. C. Yetzer, a creditor of said Jacob Miller, on the 11th day of June, 1889, filed his petition in the county court of Washington county, praying that letters of administration on said estate be issued.

Notice of the publication was given as required by statute, and on the day appointed for the hearing Mary Miller filed an answer, setting up "that she was the widow of Jacob Miller, deceased; that at the time of his demise, said Jacob Miller left surviving him his said widow and children, namely, Henry J. Miller, Rosa Miller, John Miller, Lizzie Myers, and William Miller, all of whom are more than twenty-one years of age, except William Miller, aged sixteen years; that Jacob Miller departed this life as in

33

said petition alleged; she denies that her said husband at the time of his death was possessed of any personal estate, or any right or interest in any personal or real property, and that any had come to him in any manner, by purchase, or descent and devise since his death. She specially denies that J. C. Yetzer was a creditor of said Jacob Miller, and asserts the truth to be, that all matters and things between them were long since settled, and she asserts that at the time of his death said deceased was free from debt; and she further specially denies liability to any and all persons, corporations, public officers, and courts. She further denies the right of J. C. Yetzer and of any and all persons herein to dictate the appointment of an administrator, they not being residents of said Washington county, Nebraska, creditors, and next of kin, and no administrator being necessary. She specially denies that the county court of Washington county, Nebraska, has any jurisdiction to appoint an administrator as in said petition prayed, and asks to be dismissed with costs."

A reply was filed denying the allegations of the answer and averring, in substance, that at the time of his death Miller was indebted to the petitioner in the full amount of a certain judgment rendered in the district court of said county, at the April term, 1887, for the sum of $850, including costs; that said Miller died possessed of lands and personal property of the value of about $15,000, but for the purpose of defrauding said petitioner and for the purpose of hindering and delaying the collection of said judgment, he, the deceased, conveyed his said real estate and caused the title of the same to be placed in the name of his wife and children, where the title now rests. That during the life-time of said deceased the petitioner instituted proceedings against the said Jacob Miller and the said wife and children, for the purpose of subjecting said property to the payment of said judgment, and that said suit is still pending and undetermined.

Numerous written objections were filed in the county court by the said Mary Miller to the appointing of an administrator, which were overruled, and S. C. Rose was appointed administrator of said estate. An appeal was taken by Mary Miller to the district court, where, upon final hearing, the order of the county court was affirmed. Mary Miller brings the case to this court on appeal.

It appears that the verification attached to the petition for the appointment of an administrator was not signed by the affiant. It is urged that this defect is jurisdictional. While such a petition should be verified, yet the failure to do so is not more than an irregularity, and does not oust the court of jurisdiction to act. It could have been supplied, and doubtless would have been, had the attention of the court been challenged thereto. It is a defect that can be waived, and was waived in this case. It has been frequently held in this state that the want of a verification to a petition in a cause in a district court is not necessary to confer jurisdiction. (*Johnson v. Jones*, 2 Neb., 126; *Hull v. Miller*, 4 Id., 503; *Dorrington v. Meyer*, 8 Id., 213.) And the same rule applies with greater force to omission of a verification from a petition for letters of administration, because there is no express statutory provision requiring such a petition to be verified.

It is contended that the petition does not set forth sufficient facts to confer jurisdiction, for the reason that it fails to show that the deceased died possessed of any personal property not lawfully disposed of by a last will and testament. This objection is without merit. The petition alleges that Jacob Miller died, leaving no last will and testament, as far as the petitioner knows or believes, and that "he died seized and possessed of real and personal estate, consisting chiefly of lands and stock, and money, credits, and notes, all of said personal estate being estimated to be worth about $1,000." This is sufficient. It shows that the deceased died intestate, possessed of both real and personal

property. The district court so found, and the evidence contained in the bill of exceptions tends to sustain the finding. It was not necessary to set out in the petition a description of either the real or personal estate.

Objection is made that it does not appear from the petition that the widow and children of the deceased are unsuitable and incompetent to discharge the duties of administration, or that they failed for a period of thirty days after the intestate's death to apply for letters of administration.

Under the provisions of section 178 of chap. 23, Comp. Statutes, letters of administration shall be granted to the widow, or next of kin, or both, if suitable and competent to discharge the trust, if the application therefor is made within thirty days after the death of the intestate. This section also provides, in effect, that if they shall neglect to apply within that time for administration, or request that administration be granted to some other person, the same may be granted to one or more of the principal creditors, if competent and willing to accept it, and if there be no such creditor competent and willing to accept the trust, the county court may appoint such other person or persons as it thinks proper. The petition alleges that the deceased died in Washington county, on July 13, 1888, and that the petitioner is a creditor of the deceased. The petition was filed nearly eleven months after the death of the intestate, asking that a person other than himself be appointed administrator of the estate. The time had expired within which the widow or next of kin had the exclusive right to the appointment, and it was not necessary to allege in the petition that they were unsuitable to discharge the trust, nor that they had failed for thirty days after the intestate's death to apply for administration. The appellant resisted the granting of administration. That the thirty days' time mentioned in the statute had elapsed clearly appears from the allegation in the petition of the date of the

death of the intestate, and the county court had jurisdiction to appoint a person as administrator other than the widow or next of kin. (*Atkinson v. Hasty*, 21 Neb., 663.)

It is urged that the order made by the county court is a nullity, because the same was not based upon any finding of fact. If it is true that an order appointing an administrator should be preceded by finding of fact, it does not follow that the order is a nullity. The county court had jurisdiction of the subject-matter, and the filing of a proper petition, and giving the statutory notice, conferred jurisdiction over the parties. Any step, therefore, taken by the county court respecting a matter within its jurisdiction, although erroneous, is valid. The order appointing an administrator, without a finding to support it, is not void, but at most, merely erroneous. (*Hansen v. Bergquist*, 9 Neb., 269; *Doty v. Sumner Bros.*, 12 Id., 378; *McNamara v. Cabon*, 21 Id., 589; *Connelly v. Edgerton*, 22 Id., 87.) The order of the district court is, however, predicated upon very full findings. It is with that order, and not the one made by the county court, with which we have to deal.

It is insisted that the district court has no jurisdiction to hear and determine the case *de novo*. We are unable to see, if the position of the appellant is correct, what advantage it could possibly be to her to so hold, for, if the district court acquired no jurisdiction by the appeal, then the order of the county court remains in full force. But the position of the appellant is not well founded. Section 42, chapter 20, Compiled Statutes 1889, reads as follows:

"Sec. 42. In all matters of probate jurisdiction appeals shall be allowed from any final order, judgment, or decree of the county court to the district court by any person against whom any such order, judgment, or decree may be made, or who may be affected thereby."

Sec. 47 provides that "upon the filing of such transcript in the district court, that court shall be possessed of the

action, and shall proceed to hear, try, and determine the same, in like manner as upon appeals brought upon the judgment of the same court in civil actions."

These sections clearly provide for an appeal to the district court from an order appointing an administrator, and that on such appeal being lodged in the appellate court, the case is there to be tried *de novo*. The language of the quoted sections is too plain to admit of any other construction. The appeal conferred upon the district court the same power possessed in the matter by the county court, and it was the duty of the appellate court, as it did, to hear the evidence and try and determine anew the application for the appointment of an administrator.

The appellant claims that the county court had no jurisdiction because Yetzer had failed to file in that court his claim against the estate. There is no provision of the statute which requires that a creditor who applies for administration against an estate shall file his claim with the county court, either with his application, or before letters of administration are issued. When a creditor applies for administration he must allege in the petition, and prove at the hearing, that he is a creditor, but his claim against the estate, the same as those of other creditors, is to be filed after the administration is granted and within the time allowed for the presentation of claims.

The decision of the district court is

AFFIRMED.

THE other judges concur.