Estate of Moore v. Moore.

ESTATE OF HAMILTON MOORE v. JOSEPHUS MOORE.

[FILED NOVEMBER 25, 1891.]

1. **Administrator:** APPOINTMENT. By section 177 of chapter 23 of Compiled Statutes, jurisdiction is conferred upon the county court of the county where the deceased person was a resident at the time of his death, to grant letters of administration. Where the deceased was a non-resident of the state, leaving property in this state to be administered, an administrator may be appointed, in a proper case, by the county court of any county in which there is an estate to be administered.

2. ———: ———: THE PETITION for the appointment of an administrator must allege the necessary facts which confer jurisdiction, and if it fail so to do, the appointment and all subsequent proceedings are without jurisdiction and void.

3. ———: ———: CANNOT BE QUESTIONED COLLATERALLY. Where a sufficient petition for administration is presented to the proper court and the statutory notice is given, the action of the court in appointing an administrator cannot be questioned on the hearing of objections to the allowance of a claim presented against the estate. It will be presumed to have acted upon sufficient evidence.

4. **Administration:** GRANTED AS TO REALTY ALONE. Where a deceased intestate leaves no personalty, but an estate in lands, and owes debts, for the payment of which it is necessary to sell the lands, administration may be granted upon the basis of the real property alone.

ERROR to the district court for Dawson county.   Tried below before HAMER, J.

*J. W. Smith,* and *H. M. Sinclair,* for plaintiff in error, cited, contending that the probate court was without jurisdiction, and its grant of administration void: Hawes, Jurisdiction of Courts, sec. 74; *Patillo v. Barksdale,* 22 Ga., 358; *Crosby v. Leavitt,* 4 Allen [Mass.], 411; *Embry v. Millar,* 1 A. K. Marsh [Ky.], 221; *Christy v. Vest,* 36 Ia., 286; *Miltenberger v. Knox,* 21 La. An., 399; *Pinney v. McGregory,* 102 Mass., 189; *Thomas v. People,* 107 Ill., 517; *Stevenson v. Superior Ct.,* 62 Cal., 60; *Griffith v. Frazier,* 8 Cranch [U. S.], 9; *Cutts v. Haskins,* 9 Mass., 543; *Holyoke v. Haskins,* 5 Pick. [Mass.], 20; *Wales v. Willard,* 2 Mass., 120; *Milia v. Simmons,* 45 Wis., 334.

*Connor & Woodruff, contra,* cited, in reply to the contention: Gary's Prob. Law, secs. 33, 34, 36, 37, 178; Schouler's Ex. and Adm., secs. 24, 25, 27, 92; *Lees v. Wetmore,* 12 N. W. Rep. [Ia.], 238; *Hobson v. Ewan,* 62 Ill., 146; *Schnell v. Chicago,* 38 Id., 390; *Bowles v. Rouse,* 3 Gilm. [Ill.], 408; *Wales v. Willard,* 2 Mass., 120.

NORVAL, J.

The defendant in error, Josephus Moore, in January. 1888, filed his petition in the county court of Dawson county, praying that letters of administration be granted upon the estate of his deceased father, Hamilton Moore. Subsequently, upon the hearing had for that purpose, letters of administration were granted upon said estate to one John B. Sheldon, who qualified as such officer and entered upon the discharge of the duties of his office. Afterwards, on the 12th day of July, 1888, the defendant in error presented to said county court the following claims against the estate, to-wit:

Estate of Hamilton Moore, Deceased,
        In account with Josephus Moore.

| | Dr. | Cr. |
|---|---|---|
| To labor from March 1, 1873, to November 1, 1885, with the exception of eleven months........ | $3,525 00 | |
| 1873–1874.   To moneys laid out and expended ..................... | 315 00 | |
| February, 1887.   To moneys laid out and expended.................. | 75 00 | |
| June, 1884.   To moneys laid out and expended...................... | 575 00 | |
| July, 1885.   To moneys laid out and expended...................... | 200 00 | |
| October, 1885.   To moneys laid out and expended.................. | 400 00 | |
| October, 1885.   For breaking done for Hamilton Moore.............. | 30 00 | |
| By moneys had at various times from March 1, 1873, to October 1884................................. | | $300 00 |
| By balance............................ | | 4,820 00 |
| | $5,120 00 | $5,120 00 |

On the 16th day of August, 1888, Sylvanus Moore, one of the heirs of said estate, filed with said court written objections to the allowance of said claim on the following grounds:

"First—The court had no jurisdiction to appoint an administrator, and the pretended administration of said estate is unauthorized and void.

"Second—That the said estate is not indebted to Josephus Moore, the claimant, in any sum whatever."

On the hearing the county court allowed the sum of $2,500 on said claim. The contestant took an appeal to the district court, where the cause was tried to a jury, and a verdict was returned for the claimant for $2,705. Syl-

vanus Moore brings the case into this court for review, by petition in error.

It is contended that the order of the county court appointing the administrator, and all subsequent proceedings thereunder, are without jurisdiction, and this for the reason that Hamilton Moore was not an inhabitant of this state at the time of his death, and left no estate in Dawson county, nor in this state, to be administered upon.

Section 177, chapter 23, Compiled Statutes, bearing upon the question presented for our consideration, reads as follows:

"Sec. 177. When any person shall die intestate, being an inhabitant of this state, letters of administration of his estate shall be granted by the probate court of the county of which he was an inhabitant or resident at the time of his death. If such deceased person, at the time of death, resided in any other territory, state, or country, leaving estate to be administered in this state, administration thereof shall be granted by any probate court of any county in which there shall be estate to be administered; and the administration first legally granted shall extend to all the estate of the deceased in this state, and shall exclude the jurisdiction of the probate court of every other county."

By these provisions the legislature has conferred jurisdiction upon county courts to grant letters of administration in two classes of cases: First, where the deceased person was an inhabitant of the state at the time of his death; and second, where the deceased person was a nonresident of this state when he died, but left an estate to be administered in this state. Where the deceased was a resident of the state, the county court of the county where he resided has exclusive authority to grant letters testimentary or of administration, but in case the deceased person's last place of residence was in another state, territory, or country, the application for letters of administration may be made to the county court of any county of this state in

which there is property to be administered, and the letters first granted extend to all the property or estate of the deceased in the state, wherever the same may be. The application for the appointment of an administrator must allege the necessary jurisdictional facts, for if a want of jurisdiction affirmatively appears from the face of the record, it is fatal to the proceedings, and the objection can be urged at any time. Stated differently, where there is a total failure to allege a fact upon a vital point in the petition, the county court acquires no jurisdiction to act, but where there is not an entire omission to state some material fact, but it is insufficiently set forth, the proceedings are merely voidable. (*Hyde v. Redding,* 16 Pac. Rep. [Cal.], 380; *Sitzman v. Pacquette,* 13 Wis., 291; *Frederick v. Pacquette,* 19 Wis., 569; *Chase v. Ross,* 36 Id., 267; *Wales v. Willard,* 2 Mass., 120; Schouler's Ex. & Adm., secs. 91, 92.)

The right of the plaintiff in error to question the authority of the county court to grant letters of administration on the hearing of his objection to the allowance of the claim filed against the estate, depends upon whether the record of the county court on its face shows the lack of jurisdiction to make the appointment. It cannot be doubted that where a sufficient petition for administration is presented to the proper county court, and the statutory notice is given, its action in appointing an administrator is valid and binding unless revoked, or set aside on appeal. It will be presumed to have acted upon sufficient evidence. (*Hobson v. Ewan,* 62 Ill., 146; *Johnson v. Johnson's Estate,* 66 Mich., 525; *Lees v. Wetmore,* 58 Ia., 170.)

It appears from the averments in the application made to the county court for administration, that Hamilton Moore, at the time of his death, was not a resident of Dawson county; that he had no personal property, but was " equitably seized and possessed of real estate consisting of the southeast quarter of section 12, town 9, range 19 in said county and state." Upon the trial in the district court the

36

plaintiff in error introduced in evidence a deed of said real estate executed by Hamilton Moore, a short time prior to his death, to Hannah Moore and Hattie Moore. This for the purpose of showing that the deceased left no property in Dawson county, and for that reason the county court acted without jurisdiction. From what we have already said it is obvious that whether or not the deceased owned the land was quite immaterial. That question could not be raised on the hearing of an appeal from the allowance of a claim against the estate. A county court has jurisdiction to grant letters of administration, although the deceased has no personal property, where he owns an estate in lands, and owes debts for the payment of which it is necessary to sell the real estate. The legislature has provided for the sale of lands of deceased persons by administrators and executors for the payment of debts when the personalty in their hands is not sufficient for that purpose.

Section 67, chapter 23, Compiled Statutes, provides that "When the personal estate of any deceased person, in the hands of his executors or administrators, shall be insufficient to pay all his debts, with charges of administering his estate, such executors or administrators may sell his real estate for that purpose, upon obtaining a license therefor, and proceeding therein in the manner hereinafter provided."

Section 76 provides that "The proceeds of any real estate sold for the payment of debts and charges of administration, as provided in this subdivision, shall be deemed assets in the hands of the executor or administrator, in like manner as if the same had been originally a part of the goods and chattels of the deceased," etc.

By these provisions the legislature has made lands assets for the payment of the debts of a decedent, in the event of a failure of personalty, and it is perfectly clear that administration may be granted upon the basis of real estate alone, where it is made to appear that an administrator is necessary.

It is nowhere alleged in the petition for administration that Hamilton Moore was a non-resident of this state when he died, nor is any fact averred from which such inference can be drawn. The only statement in the petition as to residence is that he was a resident of Dawson county until a short time preceding his death, from which it cannot be inferred that he was an inhabitant of some other state at the date of his death. It not appearing from the petition that the deceased was either an inhabitant of Dawson county or a non-resident of this state, the county court had no jurisdiction to appoint an administrator, and it follows that all subsequent proceedings are void. Having reached this conclusion, the judgment of the district court must be reversed and the action dismissed.

REVERSED AND DISMISSED.

THE other judges concur.