HENRY C. SPENCER ET AL. V. WILLIAM A. WOLFE.

FILED JUNE 16, 1896.  No. 6635.

1. Administration of Estates: ADMINISTRATORS: PLACE OF APPOINTMENT: RESIDENCE: JURISDICTION. Section 177, chapter 23, Compiled Statutes, construed, and *held:* (1.) When a person dies intestate, being an inhabitant of this state, letters of administration must be granted in the county of which he was an inhabitant at the time of his death. (2.) If an intestate at the time of his death resided outside this state, and left here an estate to be administered, then an administrator may be appointed in any county in which any of such estate is situate; and the administrator first appointed will be entitled to the entire estate of the intestate in this commonwealth, to the exclusion of administrators appointed afterwards in other counties of the state. (3.) The judgment of a county court appointing an administrator is not void because

the petition therefor does not allege that the intestate was at the time of his death a resident of the state of Nebraska.

2. **Administrators:** PETITION FOR APPOINTMENT. A petition for the appointment of an administrator must allege the necessary facts which confer jurisdiction on the county court, and if it fails to do so the judgment of the court appointing the administrator will be void. *Moore v. Moore,* 33 Neb., 509, followed.

3. ———: ———: DESCRIPTION OF PROPERTY. It is not necessary in a petition for letters of administration to set out the description of either the real or personal property belonging to the intestate's estate. *In re Miller,* 32 Neb., 480, followed.

4. ———: ———. A petition by a creditor of an intestate to be appointed his administrator alleged that the intestate died seized of real and personal estate situate in the county; that the real estate was worth about $5,600; that the personal estate was estimated to be worth several hundred dollars. *Held,* That the allegations were sufficient.

5. **Appearance:** WAIVER OF NOTICE: JUDGMENT. Persons not under guardianship and not minors, nor under other legal disability, cannot be heard to complain of a judgment rendered in a proceeding to which they were parties, because the notice required by law of such proceeding was not given them, when the record discloses that they voluntarily appeared and participated in such proceeding.

6. **Appointment of Administrators.** Section 178, chapter 23, Compiled Statutes, construed and *held:* (1.) That a county court is not by this statute absolutely required to appoint the widow or next of kin of an intestate, or some person selected by them, administrator of the intestate's estate. (2.) If it appears that the person proposed for administrator is unsuitable or incompetent, the county court is not obliged to appoint such person, notwithstanding that application may be made therefor by the widow or next of kin within thirty days after the intestate's death.

ERROR from the district court of Gage county. Tried below before BUSH, J.

*J. E. Cobbey,* for plaintiffs in error.

References: *Atkinson v. Hasty,* 21 Neb., 666; *Estate of Moore v. Moore,* 33 Neb., 515; *Moise v. Mutual Reserve Fund Life Association,* 13 So. Rep. [La.], 170; *King v. United States,* 27 Ct. Cl., 529; *Rutherford v. United States,* 27 Ct. Cl., 539; *Sayre v. Sayre,* 22 Atl. Rep. [N. J.], 198; *Henry v. Roe,* 18 S. W. Rep. [Tex.], 806; *In re Miller's Appeal,* 32

Neb., 480; *In re Washburn's Estate*, 47 N. W. Rep. [Minn.], 790; *Martin v. Gage*, 147 Mass., 204; *Smith v. Sherman*, 4 Cush. [Mass.], 408; *Borer v. Chapman*, 7 Sup. Ct. Rep., 342; *Moore v. Jordan*, 13 Pac. Rep. [Kan.], 337; *Succession of White*, 12 So. Rep. [La.], 758; *Estate of Stevenson*, 72 Cal., 164; *In re Estate of Dorris*, 93 Cal., 611; *Cramer v. Sharp*, 49 N. J. Eq., 558.

*Murphy & Le Hane, contra.*

Reference: *Child v. Gratiot*, 41 Ill., 359.

RAGAN, C.

From the record and the briefs of the respective counsel the undisputed facts in this case seem to be as follows: Charles H. Spencer, a resident and citizen of the state of Iowa, died intestate in the state of Colorado on the 16th of August, 1892. He left a widow, Mary A. Spencer, and a son, H. C. Spencer, residents of the state of Iowa. He left another son, L. E. Spencer, a resident of Gage county, Nebraska, and he also left a daughter, Mary E. Dudley, a resident of the state of Colorado. None of his heirs were minors. At the time he died Charles H. Spencer was indebted to the German National Bank of Beatrice, Nebraska. William A. Wolfe was cashier of this bank and, in March, 1893, he petitioned the county court of Gage county to appoint him administrator of the estate of the intestate. This appointment was resisted by the widow and heirs of Spencer, deceased, and while the application was pending L. E. Spencer also petitioned the county court to appoint him administrator of his deceased father. The county court, however, refused to appoint L. E. Spencer and appointed Wolfe, who accepted the trust and qualified therefor. From this action of the county court the widow and heirs of Spencer, deceased, appealed to the district court, and the case was submitted to that tribunal upon the transcript of the proceedings had in the county court and a judgment rendered

affirming the judgment of the county court. To reverse this judgment of the district court the widow and heirs of Charles H. Spencer, deceased, have prosecuted here a petition in error.

1. The first argument relied on here for a reversal of the judgment of the district court is that the county court had no jurisdiction to appoint Wolfe administrator of Spencer's estate. It is not disputed but that the county court is by the constitution and laws of the state invested with exclusive original jurisdiction in the matter of settling up the estates of deceased persons and the appointment of administrators, but it is said that the petition filed by Wolfe to be appointed administrator conferred no jurisdiction upon the county court to act, because the petition did not allege that Spencer at the time of his death was a resident of the state of Nebraska. There is no merit in this contention. Section 177, chapter 23, of the Compiled Statutes of 1895 provides: "When any person shall die intestate, being an inhabitant of this state, letters of administration of his estate shall be granted by the probate court of the county of which he was an inhabitant or resident at the time of his death. If such deceased person, at the time of death, resided in any other territory, state, or country, leaving estate to be administered in this state, administration thereof shall be granted by the probate court of any county in which there shall be estate to be administered; and the administration first legally granted shall extend to all the estate of the deceased in this state, and shall exclude the jurisdiction of the probate court of every other county." This section provides for the appointment of administrators in two classes of cases: (1) When a person shall die intestate, being an inhabitant of this state, then letters of administration must be granted by the county court of the county of which he was an inhabitant or resident at the time of his death; and (2) if an intestate, at the time of his death, resided outside of this state and left an estate here to be administered, then the county

court, of any county in which the deceased left an estate to be administered, may appoint an administrator; and the first administrator, so appointed, becomes entitled to the entire estate of the deceased, in the state, to the exclusion of any other administrator appointed in any other county of the state. *Atkinson v. Hasty*, 21 Neb., 663, is not authority for the contention of the plaintiff in error, notwithstanding in that case it was said: "The jurisdiction of the county court, by section 177, * * * is made to depend upon the facts that the deceased had died intestate and was at the time of his death an inhabitant or resident of the county in which the court is authorized to act." But it is evident that the writer of that opinion was speaking of the first division of said section 177. In *Moore v. Moore*, 33 Neb., 509, said section 177 was construed, and it was held: "Where the deceased was a non-resident of the state, leaving property in this state to be administered, an administrator may be appointed in a proper case by the county court of any county in which there is an estate to be administered." A second argument in support of the contention that the county court had no jurisdiction is "that the petition filed by Wolfe does not allege that the deceased left any personal estate in Gage county, or that the real estate of the deceased in the county is productive of rents, or that it was necessary to sell such real estate to pay the debts of the deceased." The petition of Wolfe alleged "that the said Charles H. Spencer died seized of real and personal estate situate in Gage county, consisting chiefly of real estate * * * worth about $5,600. All of such personal estate being estimated to be worth several hundred dollars." A petition for the appointment of an administrator must allege the necessary facts which confer jurisdiction—on the county court—and if it fails to do so, the appointment and all subsequent proceedings are without jurisdiction and void. (*Moore v. Moore*, 33 Neb., 509.) But it is not necessary in a petition for letters of administration to set out a description of either the real or personal

property belonging to the estate of the deceased. (*In re Miller*, 32 Neb., 480.) The allegations of Wolfe's petition, in reference to the property situate in Gage county of which the intestate died seized, were sufficient.

2. Section 195, chapter 23, of the Compiled Statutes, 1895, provides: "When application shall be made to the judge of probate for the appointment of an administrator of an intestate's estate   *   *   *   he shall cause notice of the same, and of the time and place of the hearing thereof, to be given by personal service on all persons interested, or by publication under an order of such court in such newspaper printed in this state as he may direct." The county court of Gage county ordered a notice, addressed to the heirs and next of kin of Charles H. Spencer, deceased, to be published for three weeks in a newspaper printed and published in Gage county, which recited that Wolfe had filed his petition in the county court asking to have himself appointed administrator of the estate of Charles H. Spencer, deceased, and that the hearing of the matter was set for March 4, 1893. It is now insisted that the judgment under consideration must be reversed, because the county court made its order appointing Wolfe administrator, without the notice to the heirs and next of kin of Spencer, deceased, having been published as required by the court's order. The answer to this objection is that all the heirs, being of full age, next of kin, and widow of Spencer, deceased, entered their appearance in the county court in the proceeding in which the county court made the order complained of. These heirs and next of kin having voluntarily appeared in the county court in the proceeding in which Wolfe was appointed administrator, and having resisted that appointment, it is wholly immaterial whether the notice ordered by the county court was published a proper length of time or published at all or not. Persons not under guardianship and not minors, nor under other legal disability, cannot be heard to complain of a judgment rendered in a proceeding to which they were parties, be-

cause the notice required by law of such proceeding was. not given them, when the record discloses that they voluntarily appeared and participated in said proceeding.

3. As already stated, while the application of Wolfe was pending to be appointed administrator of Charles H. Spencer, deceased, L. E. Spencer, his son, a resident of Gage county, made application to the county court to be appointed administrator of his deceased father. His mother and his brother and sister all united in his petition. The next argument here is that the county court erred in not appointing L. E. Spencer the administrator instead of Wolfe. Section 178, chapter 23, Compiled Statutes of 1895, provides: "Administration of the estate of a person dying intestate shall be granted to some one or more of the persons hereinafter mentioned, and they shall be respectively entitled to the same in the following order: First—The widow, or next of kin, or both, as. the judge of probate may think proper, or such person as the widow or next of kin may request to have appointed, if suitable and competent to discharge the trust. Second—If the widow, or next of kin, or the person selected by them, shall be unsuitable or incompetent, or if the widow or next of kin shall neglect for thirty days after the death of the intestate to apply for administration or to request that administration be granted to some other person, the same may be granted to one or more of the principal creditors, if any such are competent and willing to take it. Third—If there be no such creditor competent and willing to take administration, the same may be committed to such other person or persons as the judge of probate may think proper." It is now argued that by the provisions of this statute L. E. Spencer, being an heir of Charles H. Spencer, deceased, his mother and brother and sister uniting in the request, was entitled as a matter of right and law to be appointed administrator of his. father's estate; but we do not think that a county court. is by this statute absolutely required to appoint a widow or next of kin of a deceased, or some person selected by

them, administrator of the deceased's estate. We think the county court is invested with some discretion in this matter. At any time within thirty days after the death of the intestate there can be no doubt but that the widow or next of kin are entitled, all other things being equal, to be appointed administrator of the intestate's estate or to select such administrator. By the expression, "all other things being equal," we mean that in order to entitle a widow or next of kin of an intestate to be entitled to administration of his estate, or to be entitled to name a person to be appointed administrator of his estate, it must appear that the party proposed for administrator is a suitable and competent person therefor. If it shall appear that such person is unsuitable or incompetent then we do not think that the county court is obliged to appoint such person administrator of the intestate's estate, notwithstanding that they may make application therefor within thirty days after the intestate's death. But whatever be the rights of the widow and next of kin as to the administration of the estate of the intestate it is clear under this statute that such exclusive right does not continue longer than thirty days from the death of the intestate. (*In re Miller*, 32 Neb., 480.) In the case at bar Charles H. Spencer died in August, 1892. Up to the 1st of March, 1893, neither his widow nor any of his heirs or next of kin had made any application whatever for the appointment of an administrator of the estate left by him in said county. The county court then was not obliged to appoint the son of the deceased his administrator instead of the intestate's creditor. But it is insisted that the rule is that where an heir applies for letters of administration before they have actually issued to a creditor, the heir is entitled to the appointment. To support this contention we are cited by counsel to *Succession of White*, 45 La. Ann., 632. In that case White died intestate in Louisiana on the 23d of November, 1892. He left no heir "then present" in the state. Three days after his death the public administrator "opened his succession"

and applied for the administration, alleging that the "succession is vacant and that there is property here requiring administration." Pending the application of the public administrator a sister of the intestate living in Liverpool, England, requested the probate court to appoint her agent, a resident of Louisiana, administrator of the estate of the deceased. The Louisiana Code on the subject provided: "In all intestate successions, where there is no surviving husband or wife or heir present or represented in the state, the public administrator of the parish shall be appointed by the judge of the proper court to administer the same." The probate court appointed the public administrator and denied the application of the next of kin of the intestate to have her agent appointed administrator. But the supreme court of Louisiana reversed the holding of the probate court and held that the sister of the deceased was entitled to have her agent appointed as his administrator. It based its decision upon the construction of the statute just quoted. It said: "This language [the statute] obviously refers to the date of appointment as the time at which it is to be determined whether the conditions on which his right depends exist, and if, at that time, it is made to appear that there is a 'husband or wife or heir present or represented in the state,' the application of the public administrator must yield to the preference accorded by the law to such surviving spouse or heir." (Act 87 of 1870, Louisiana Code.) But it is evident that this decision is of no controlling force in the case at bar. It is based on the construction—doubtless correct—of the statute of Louisiana just quoted, but which is very different in its requirements from ours on the subject of the appointment of administrators. The judgment of the district court is

AFFIRMED.