## Joseph R. Richardson v. Marcia K. Mather.

1. ALTERATION OF INSTRUMENTS—*Ratification.*—A payment on either principal or interest with knowledge of the alteration, amounts to a ratification and removes the presumptive effect of the alteration.

2. SAME—*Addition of an Attesting Witness.*—In order to show that the addition of an attesting clause and witness to a promissory note made in another State is material, the law of such State, making the alteration so, must be proved.

3. PLEADING—*Pleas Must Deny or Confess and Avoid.*—A plea must deny or confess and avoid.

Assumpsit, on a promissory note. Trial in the Circuit Court of Henry County; the Hon. HIRAM BIGELOW, Judge, presiding. Finding and judgment for plaintiff. Appeal by defendant. Heard in this court at the May term, 1898. Affirmed. Opinion filed September 26, 1898.

### STATEMENT.

On May 6, 1897, appellee began this action by suing out an attachment in the Circuit Court of Henry County, and the writ was served upon certain persons as garnishees. Defendant filed pleas to the declaration, and upon issues joined there was a trial without a jury and a judgment for plaintiff for $5,300 and costs. A rule was entered on the garnishees to answer interrogatories at the next term. Defendant then appealed to this court.

Richardson v. Mather.

The declaration consisted of a special count upon a promissory note, and the common counts.   Defendant filed four pleas: the first, non-assumpsit, upon which issue was joined; the second, a special plea, to which a demurrer was sustained and defendant abided by said plea; the third, the ten years statute of limitation, to which plaintiff replied double—that the cause of action did accrue within ten years before the action was begun, and a payment on said note by defendant within said ten years, by reason of which payment said cause of action accrued to plaintiff within said ten years; and the fourth, the six years statute of limitations of the State of Vermont, where the note was made; to which plaintiff replied double, that the cause of action did accrue within six years before the action was begun, and a payment on said note by defendant within said six years, by reason of which said cause of action did accrue to plaintiff within said six years.   To said replications of payments within ten and six years, respectively, defendant demurred; the demurrers were overruled, and defendant elected to abide by his demurrers.   With the pleas was filed an affidavit of the truth of the second plea, and that the defendant verily believed he had a defense upon the merits to the whole of plaintiff's demand.

SCOTT & COOKE, attorneys for appellant.

In States where a distinction is made by the statute of limitations between witnessed and unwitnessed notes, it is clear that the addition of a name to the note after its delivery, which name purports to be the signature of an attesting witness, when such witness did not in fact see the signing, is a material alteration of the note, as to all parties not consenting, because it changes the legal effect of the instrument. Daniel on Negotiable Instruments (4th Ed.), Secs. 1392–1393; 2 Parsons on Notes and Bills, 553–554; Vol. 2 Am. & Eng. Ency. of Law (2d Ed.), page 245; Homer v. Wallis, 11 Mass. 309–312; Adams v. Frye, 3 Met. (Mass.) 103; Smith v. Dunham, 8 Pick. (Mass.) 246; Milbery v. Storer, 75 Me. 69.

Such an alteration is also material where, under the laws

of the State where the note was made, the payee would be
entitled to show the execution of the note by proving the
handwriting of the attesting witness, in case such witness
was beyond the jurisdiction of the court. Hall v. Weaver,
34 Fed. Rep. 104–110; Marshall v. Gougler, 10 S. & R. 164.

The Massachusetts general statute of limitations excepts
"any note in writing made and signed by any person or
persons and attested by one or more witnesses," and such
notes are placed in the same category as bonds and similar
specialties, and the statute prescribes a longer period within
which a suit may be brought. Smith v. Dunham, 8 Pick.
246–8.

In Vermont the precise question here arising does not
seem to have been determined, but the general doctrine is
of course announced that any material alteration avoids the
instrument. Bigelow v. Stilphen, 35 Vt. 521; Broughton v.
Fuller, 9 Vt. 373.

In an action brought in this State upon a promissory note
made in another State, the laws of the State where the note
was made and delivered will govern as to the defenses
which can be set up against a recovery thereon. Pope v.
Hanke, 155 Ill. 617–627.

To constitute a material change in a written contract it is
not necessary that the obligation of the contract should be
altered. If its legal effect or operation is in any way
changed it is materially altered, whether the change be
made in respect to the obligation which it imports, or to its
force as a matter of evidence. Daniel on Negotiable Instru-
ments, Sec. 1373.

Now, by the averments of the plea, this note, as it was
given, would only have been evidence of the indebtedness
sufficient to warrant a recovery for a period of six years
after action accrued. If altered, as the plea avers, and as
defendant offered to prove, it would have been evidence of
the indebtedness sufficient to warrant a recovery for four-
teen years after action accrued. Therefore its force as a
matter of evidence was changed.

"A material alteration of an instrument is one which

causes it to speak a language different in legal effect from that which it originally spoke." 2 'Am. & Eng. Ency. of Law (2d Ed.), page 185; Wheelock v. Freeman, 13 Pick. 165–168.

Where words are added to a note, as here, we take it the true test is, would such words be mere surplusage if they had been properly placed on the note when it was made? If so, the alteration is immaterial. If not, the alteration is material. It will not be contended, we apprehend, that the word and signature added here would be surplusage had it been properly and lawfully placed on the note.

Further, the common law, so far as applicable to the local situation and not repugnant to the constitution and enacted laws, is in force in Vermont. Vermont Statute, Revision of 1894, Sec. 898.

By the common law, proof of the handwriting of an absent witness is sufficient evidence of the execution of the instrument. 1 Wharton's Evidence, Sec. 726; Valentine v. Piper, 22 Pick. 85–90.

By adding the name of an attesting witness, therefore, the payee would become entitled to prove the execution of the note by proving the signature of the attesting witness, if the witness was beyond the jurisdiction of the court. In this way an alteration of the contract by attaching the signature of a witness becomes material by placing in the hands of the payee another method of proving the due execution of the instrument. Adams v. Frye, 3 Met. (Mass.) 103–107; Hall v. Weaver, 34 Fed. Rep. 104–110.

HAND & HAND, attorneys for appellee, contended that adding the signature of attesting witness to a promissory note after execution is not a material alteration. Fuller v. Green, 64 Wis. 159; Blackwell v. Lane, 4 D. & B. (N. C.) 113; McCraw v. Gentry, 3 Campb. 232; Talbot v. Hodson, 2 Eng. C. L. 25; State v. Gherkin, 7 Ired. (N. C.) 206.

A party to an altered instrument who makes an unconditional payment thereon will be considered as having ratified the change. Johnson v. Johnson, 66 Mich. 525; Evans

v. Forman, 60 Mo. 449; Wright v. Buck, 62 N. H. 656;
Prouty v. Wilson, 123 Mass. 297; Cariss v. Tattersall, 2 M.
& G. 890, 40 E. C. L. 677; Walker v. Warfield, 6 Met.
(Mass.) 466.

New consideration not necessary for payment, promise to
pay or extension of time, to amount to ratification of altered
instrument. Montgomery v. Crossthwait, 90 Ala. 553;
Pelton v. Prescott, 13 Ia. 567.

Retaining the consideration in payment of which an
altered note is given amounts to a ratification thereof.
Canon v. Grigsby, 116 Ill. 151.

An alteration when not apparent upon the face of instru-
ment must be shown by the party alleging alteration. Low-
man v. Aubery et al., 72 Ill. 619.

A witnessed note may be declared upon in common form.
Carpenter v. McClure, 38 Vt. 375; Bragg v. Fletcher, 20
Vt. 351.

The attestation of the signature of one maker of a prom-
issory note which is subsequently signed by another person,
whose signature is not attested, does not make the note a
witnessed note as to the last maker, but only as to the first.
Walker v. Warfield, 6 Met. (Mass.) 466; Lapham v. Briggs,
27 Vt. 26.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of
the court.

At the trial plaintiff offered in evidence the following
note :

" $5,000.            CHESTER DEPOT, VT., Dec. 3d, 1879.

For value received, we jointly and severally promise to
pay Mrs. Marcia K. Eaton, or her order, five thousand dollars
on demand, with interest annually.

PHILEMON H. ROBBINS.
JOSEPH R. RICHARDSON.
R. P. POLLARD.

Witness :    CHAS. ROBBINS."

Upon the back thereof were fourteen indorsements of
payments of interest, the last being for the year ending
December 3, 1896. Defendant objected to the note upon

one ground only, namely, that the declaration did not count on a witnessed note; that by the law of Vermont there is a material difference between a witnessed note and one not witnessed; and therefore there was a variance between the note counted on and the note offered in evidence.  This objection was overruled, and properly so.  The law of Vermont was not then in evidence, and the court could not judicially know that it was as stated in the objection; and the note was competent evidence under the common counts, even if not under the special count.  Defendant objected to the introduction of the indorsements of payments on the back, because not connected with the defendant, and the objection was overruled.  No doubt this objection should have been sustained when made, but the payments so indorsed were shortly afterward proved by defendant and other witnesses, and the objection was overcome by the proof.  It was proved the rate of interest allowed upon such a note by the laws of Vermont at the time it was given was six per cent.  Plaintiff called defendant as a witness, and proved by him, and also by other witnesses, that shortly after each annual installment of $300 interest became due on said note, on December 3, 1894, 1895 and 1896, defendant paid one-half of said several installments, and that all interest to December 3, 1896, had been paid, and no interest since that date, and none of the principal. Plaintiff's name had been changed from Eaton to Mather by a marriage in 1882.

Defendant sought to relieve himself from liability upon the note by proving that, by the laws of Vermont, the statute of limitations bars an action on an unwitnessed note in six years, but does not bar an action on a witnessed note till the expiration of fourteen years after maturity; that when this note was signed by the several makers it was not witnessed, and that the words, " Witness:  Chas. Robbins," were added after the signatures and without the knowledge or consent of defendant; that the note was not signed in the presence of any attesting witness, and that defendant never acknowledged his signature to Charles Robbins.  It

is claimed that there was therefore a material alteration of the note after it was executed and delivered by defendant, and therefore it is void. Assuming that the addition of a witness clause would be a material alteration of the note, and that defendant can introduce such evidence without a sworn plea denying the execution of the note sued upon (Rev. Stat., Chap. 110, Sec. 33), still we think the evidence defendant introduced, and offered to introduce, did not make out the alleged defense. He had made three several payments of interest on or shortly after December 3d, in each of the years 1894, 1895 and 1896. Payment on either principal or interest, with knowledge of the alteration, amounts to a ratification or removes the presumptive effect of the alteration. 3 Randolph on Commercial Paper, Sec. 1774; Walker v. Warfield, 6 Metc. 466; Johnson v. Johnson, 66 Mich. 525. Defendant sought to avoid this rule by testifying he had not seen the note from the time he signed it till depositions were taken in this cause. He did not testify nor offer to prove that when he made these payments he was ignorant of the fact that an attestation clause had been added. He was seeking to make this technical defense soon after his repeated recognition of his liability on the note by payments thereon. As his payments had already been proved, he was bound, we think, to overcome their ordinary effect by showing he made them without knowledge of the alteration, a matter resting peculiarly within his own breast.

The original note is not before us. As copied into the record when offered in evidence the attestation clause is wholly below all the signatures. It may be it was designed when put there to apply only to the signature of Pollard, the last maker. We are not aware of any conclusive presumption of law that such an attestation was designed to apply to each of the several signatures. Defendant did seek to show that Pollard did not sign in the presence of any attesting witness, but it may have been added by Pollard's subsequent consent or acquiescence, and may have been intended to apply to his signature only. Defendant did

not offer to prove it was added without Pollard's knowledge and approval. Even where the law is held as appellant contends, the motive with which an attestation clause is added is material. Here defendant made no attempt to prove when or by whom or for what purpose the attestation clause was added, nor whether the plaintiff was cognizant thereof. In Homer v. Wallis, 11 Mass. 309, relied upon by appellant, it was proved attestation was added by procurement of the promisee to give a validity to the note which, as he supposed, it did not have when signed. It was held in Smith v. Dunham, 8 Pick. 246, that in the absence of a fraudulent intent the addition of the attestation clause by one cognizant of the facts (as Charles Robbins may have been here), would not amount to a technical alteration of the note, though it would not prevent the running of the statute of limitations against it as an unwitnessed note. In Adams v. Frye, 3 Metc. 103, the proof showed that after the bond was signed, and in the absence of the obligors, the obligee procured another to sign as a witness, and it was held that this proof authorized the jury to infer a fraudulent intent, and called upon the obligee to rebut such inference of fraudulent intent, and that if he could rebut it the obligation would not be discharged. In each of these cases the person assailing the validity of the note seems to have been the party who introduced affirmative proof of the manner in which the attestation clause was added, and apparently it was necessary for him to introduce some evidence tending to show that it had been added for a wrongful purpose before the burden was cast upon the other side. The defendant did not prove or offer to prove such a state of facts in this case.

But again, according to the testimony of defendant himself, his last payment of interest on this note was $151.08, on January 17, 1897. No statute of limitations has therefore barred an action against him, even if it was an unwitnessed note. This proof eliminated from this case the statute of limitations as a defense. The contract was complete without an attestation. Plaintiff is not claiming any-

thing by reason of said attestation. Plaintiff did not
declare upon the attestation in her declaration, and it is not
part of the contract between defendant and herself. It
seems to us the better doctrine is that the question when
the witness clause was written is not material unless the
note is barred if the six year Vermont statute be applied,
and not barred if the fourteen year Vermont statute be
applied. Then it would be material to know whether the
witness did see the makers sign, and did witness it at their
request, or with their knowledge and consent. This seems
to have been the view taken in Walker v. Warfield, *supra*.
In that case Warfield denied the signature of the note by
an entry upon the docket, which seems to have been equiva-
lent to a plea, and he offered proof that if he signed the note,
he did so without the presence or knowledge of the attest-
ing witness. The court also assumed the defense of the
statute of limitations was sufficiently before the court. The
court then said, "The fact of a payment made by him
within six years was proved by competent evidence, and
therefore it became immaterial to inquire whether the attes-
tation applied to his signature or not."

We think the second plea did not present a defense.
After stating that plaintiff's only cause of action was the
note in the first count of the declaration described, it alleges
that defendant " did not make and did not deliver the said
promissory note in manner and form as the plaintiff hath
above complained against him, in this, to wit," etc. The
qualification prevents the quoted words from being a denial
of the execution and delivery of the instrument. Then the
pleader proceeds to state that on the day of the date of said
note defendant and plaintiff were residents of Vermont and
had been ever since; that on that day Philemon H. Robbins
and defendant and R. P. Pollard made, executed and
delivered to plaintiff in Vermont a note of the date, amount,
time and terms mentioned in the first count of the declara-
tion, and that that was the only note payable to plaintiff
defendant ever signed, but that when said note was signed
and delivered by defendant, Charles Robbins was not pres-

ent, and said last mentioned note was not signed in his presence by defendant, and defendant never acknowledged to Charles Robbins that he had signed such note last mentioned, and never authorized Charles Robbins to sign it as a witness to the signature of defendant; that the note mentioned in the declaration bears the name of Charles Robbins as an attesting witness to the signature of all the supposed makers, including defendant's, and purports to have been signed by all the makers in the presence of Charles Robbins as an attesting witness; and that the note which defendant signed was not signed by defendant in the presence of an attesting witness. The plea then sets up the statutes of limitations of Vermont as to witnessed and unwitnessed notes, and concludes with a verification. A plea must deny or confess and avoid. This plea does neither. Except with the qualification above stated, this plea does not deny that defendant signed and delivered the note described in the declaration, and with the qualification it is not a denial. The plea describes a note which defendant admits he did sign, but he refrains from admitting or denying that it was the note declared upon. He states there is an attestation clause to the note declared upon, and there was none to the note he signed, but he does not state whether they are the same or different notes. He does not confess it is the same note, and seek to avoid it by charging it has been altered by adding an attestation clause since he signed and without his consent. We think the plea in other respects insufficient, and that the demurrer was properly sustained thereto. The judgment will be affirmed.