## APPOINTMENT OF ADMINISTRATOR FOR DECEASED PARTNER AFTER EXPIRATION OF THIRTY DAYS.

[Probate Court of Franklin County.]

IN THE MATTER OF THE ESTATE OF JOHN W. WARNOCK, DECEASED.

Decided, October 12, 1903.

*Administrator—Appointment of—Rights of Next of Kin Within Thirty Days—Of Surviving Partner After Thirty Days.*

When the next of kin have failed or neglected within thirty days to make application for appointment of an administrator, they may be regarded as having waived their exclusive right to the appointment and the court may appoint without notice to them.

BLACK, J.

The matter of the estate of John W. Warnock, deceased, is before this court on the motion of the widow and children to remove the administrator heretofore appointed.

It appears that John W. Warnock, a member of a firm partnership, died the latter part of August, 1903, and left as his surviving partner Michael H. Sims; and that after the expiration of thirty days, Michael H. Sims, the surviving partner, came into court and applied for and obtained the appointment of an administrator of the estate of John W. Warnock, deceased, without notice to the next of kin.

. No question is made as to the right of the surviving partner to have the estate of John W. Warnock administered. No question is made either as to the fitness or qualifications of Walter B. Paige, Jr., who was appointed administrator. The question is, whether or not this court can appoint, without notice to the next of kin, an administrator upon the application of the surviving partner after the thirty days have expired, and during which the statute gives the right, and exclusive right, to the widow and the next of kin to apply.

The application in this case is made under Section 3167, R. S., which gives the right to the surviving partner to apply for the appointment of an administrator, but puts a restriction upon his right by providing that he shall not make such application until after the expiration of thirty days.

Section 3167 is entirely silent as to whether or not notice must be given or served upon the next of kin before the appointment. When the Legislature enjoined the surviving partner from acting for a period of thirty days and gave the next of kin the exclusive and absolute right to apply during that time, it must have intended something by it.

The opinion of the court is, that they intended that the next of kin should, for a period of thirty days, have the absolute and exclusive right to apply to the court for appointment; if, however, they fail to neglect to apply within thirty days, they waive their exclusive right to the appointment, and the court may appoint without notice to them. (1 Rockell, 104; 32 Neb., 480; 1 Am. Law of Administration, 531).

The motion is therefore overruled.