*213 The action was continued nisi, and the opinion of the Court was delivered at the following September term at Lenox, by
Parsons, C. J.
By the statute of 1783, c. 24. 4 19., the judge of probate is authorized, in certain cases there mentioned, to remove an administrator from his office, although he has been duly appointed.
On the decease of Caleb Jewett, the defendant was duly appointed administratrix on his goods and estate. This action was then sued against her, to recover a debt due from the intestate. Pend ing the action, the judge of probate removed the defendant from the office and trust of administratrix, upon the petition of the plaintiff. Afterwards the defendant pleads this removal in bar of the action ; and to this plea there is a demurrer and joinder.
The plaintiff, to maintain his demurrer, has argued that if the matter of the plea be sufficient, it ought to *have [ * 278 ] been pleaded in abatement, and not in bar ; and that if pleaded either in bar or abatement, it ought to contain an allegation that she had fully administered; for as the action was rightly commenced, she might retain sufficient assets against a subsequent ad ministrator.
The general rule is that matters, which show that the plaintiff has no cause of action in any form against the defendant, are properly pleaded in bar. But if the plaintiff has a good cause of action, which can be supported in another writ in another form, the plea then ought to be in abatement.
In the case at bar, if the matter of the plea be good, it shows that the plaintiff has no cause of action against the defendant, either on this or any other writ; it is therefore properly pleadable in bar.
The other objection deserves further consideration. The defendant ought not to be twice charged on account of the plaintiff’s demand ; once in this action, and again by the subsequent administrator. The plaintiff insists that' she will not be twice charged, because she may retain sufficient against the subsequent administrator.
We are inclined to admit that this position is correct at common law. By that law, the assets of the intestate are marshalled according to the nature of the contracts on which the debts are due; and a judgment debt is of the highest nature, and is entitled to thi preference. When, therefore, the action is rightly commenced against an administrator, a subsequent determination of his power, pending the action, shall not defeat it; and if judgment be recovered, there is no inconvenience in the defendant’s paying it, and retaining against his successor; because, whether the debt be reduced to a judgment, either against the defendant or against his *214 successor, having become a judgment debt, it may be satisfied with out injury to the rights of other creditors. And to this point, in Comb, 465., there is a dictum of Lord Holt, that an action [ * 279 ] rightfully commenced against * a special administrator, may be prosecuted against him after the determination of his power, and he may retain sufficient to satisfy the judgment.
But by our laws the rights of creditors are different. No one debt has a priority over another, but are all to be paid pari passu; excepting debts due to the United States, to the commonwealth, and for the charges of the last sickness and funeral of the deceased. And if there are not assets sufficient to pay all the debts, the estate must be represented insolvent, and a pro rata distribution made among the creditors. Whether the estate of the deceased in this case be or be not solvent, does not appear; and perhaps the amount of the debts, and the value of the assets, cannot yet be ascertained. We must, therefore, determine the merits of this plea on general principles.
If the defendant cannot retain sufficient to satisfy the judgment which the plaintiff may recover, the law will not oblige her to satisfy that judgment out of her own estate, unless she has in some way made herself personally liable, which does not now appear. If she can retain, she would suffer no inconvenience. But the other creditors might be injured by allowing her to retain. If the estate is insolvent, the plaintiff will gain an advantage by receiving his whole debt, which will be taken from the fund appropriated to all the creditors, and the residue only will be subject to a pro rata distribution among the remaining creditors. To adjudge the plea bad will then amount to a declaration, that the plaintiff have satisfaction of his judgment, if the estate be insolvent, either out of the estate of the defendant, or out of the fund, in which all the creditors are interested in proportion to their debts.
But an allowance of the plea can in no event be productive of injustice. If the defendant has assets, she must account for them with, and pay them over to the succeeding administrator. [ * 280 ] And if the estate be solvent, * the plaintiff will receive his whole debt; if it be insolvent, he will receive his ratable dividend.
At common law, an executor de son tort may discharge himself of all the effects he has appropriated to the exoneration of the rightful administrator. How far, in this state, he could exonerate himself by paying debts when the estate is insolvent, it is not necessary now to decide. Perhaps so far as his payments had injured the other creditors, he would be adjudged to have made them in his owr wrong.
*215 Considering the manner in which the assets of the deceased are appropriated by our laws, it is our opinion that the plaintiff cannot further prosecute this action against the defendant, and that the defendant’s plea in bar is good.