Chief Justice Bibb
delivered the Opinion of the Court.
In January, 1821, William' Pawling, as administrator de bonis non, of the estate of William Pawling deceased, exhibited his bill against Henry Speect and John Speed, executors of James Speed, deceased, for damages, for the breach of an obligation executed by James Speed to Henry Paw-ling, and by Henry Pawling assigned to William Pawling, the intestate.
The bill states that James Speed, the testator, executed his bond to llenry Pawling, dated on the 23d May, 1786, conditioned for the conveyance of 1,000 acreH of lariCi.
This bond was assigned by Henry Pawling to William Pawling the deceased, on the 26‘th of November, 1787, being at that time, by a modification endorsed, only a suosisting obligation to convey six hundred acres instead of one Inousand acres.
That said Speed, the testator, had notice of this assignment, but committed a breach in the life time of said assignee, William Pawling, deceased, by refusing to convey.
That William Pawling, the assignee, died in 1798; that Susannah, wife of said William Pawling, was appointed administratrix, with the will annexed, of said William Pawling.
That she died in the year 1820-
Administrator de bonis non of Wm. Pawling deceased .
That the complainant was appointed by the Gar-yard county court, administrator de bonis non of the said William Pawling’s estate. .
That after the death of said William Pawling, James Speed conveyed 445 acres, part of the 6UÜ acres, to the widow, Susannah Pawling, and children of said William Pawling, the said children being entitled to the said 600 acres, by the will of said William Pawling, the testator.
That said will was regularly admitted to record, a copy of which is made an exhibit.
It was admitted to record in Scott county court, in October, 1798.
At Jane term, 1799, of Scott county court; the widow, Susannah Pawling, obtained letters of administration, with the will annexed, of said William Pawling the testator.
By the will, he devises, to his child, or children, if he has any born before or after his death, all his estate, to be equally divided between them, except what is given by the will to his wife, if he has no child who shall come of age or have an heir, he gives ail his Kentucky estate, real and personal, to his wife Susannah, and his share of his father’s estate in Pennsylvania, to be equally divided between all liis brother Jessee’s children; he lends to his wife the land whereon he lived, during her life, and gave to her all his negroes, and £200 in cash; by this will no appointment of executors was made.
The bill states that as to the 155 acres not conveyed, said Speed refused to convey, alleging, that much remained unpaid for; that upon receiving the deed for the 445 acres, the widow, then administratrix of said Vv illiam, gave up the bond to Speed, and Speed afterwards sold the 155 to a purchaser without notice of the equity of William Pawling’s children.
The bill charges, the administratrix with the will annexed had no authority to surrender the bond, or modify the contract, or rescind it; that the children, who alone wore entitled to the 600 acres of land, *582 were minors and had no agency in the transaction, and not affected by it.
Answer of ¿Speed’s ex-pcutor.
Amended answer.
Decree of the circuit court dismissing the bill.
Where the covenant to convey land 0f the tostator, the personal ropreentitíetUo8 the damages, and maJ. them a°iídsurrender the obligation; breach tó'after the obli-, gees death, tive can maintain no sult’
*582 That he is bound from circumstances, to require proof tlmt the whole price had not been-paid; that if it were not paid, yet Henry Pawling was bound for it, and not William; he charges the transaction on the part of Speed as fraudulent, the land at that time, viz: the 155 acres, being worth g,l,oOü, and the contract price leu shillings only,
“He does not know that the whole consideration had not been paid, and requires proof thereof.”
He demands to know what has become of Henry Pawling’s bond for £110, and by whom a part was paid.
The bill demands damages for the 155 acres, at its value when Speed rescinded the contract, or its present value and for such farther relief as his case may authorize.
The answer of Speed denies the fraud, and gives an account of the transaction and defends the claim made in the bill, upon matters that need not be recited.
Pleads the length of time as a bar.
Also, that the right, if any, belongs to the devisees of the said William Pawling, and not to the administrator de bonis non.
By an amended .answer, amongst other things, he alleges that the letters of administration, to the complainant, granted by Garrard county court are void, for want of jurisdiction in said court, because the probate of the will was in Scott, and the letters of administration with the will annexed, were there granted to said Susannah Pawling, and that said testator died in that county &c.
The court, upoq hearing, dismissed the bill with costs, from which the complainant appealed.
The hill upon its face is contradictory and absurd. The administrator da bonis non of William Pawling alone claiming damages against the executors of *583 Speed, for a breach of the bond committed in the life time of the said William Pawling, deceased; this statement is made to entitle him, the complainant, to have- the damages. But to avoid the rangement, satisfaction and surrender made and accepted by Susannah Pawling, then administratrix with the will annexed, he alleges that the children of William Pawling, deceased, his devisees, were entifled to the land. If a breach was committed by Speed in the life time of the testator, William Pawling, so as to make the bond belong to the personal representative, instead of to the devisees, then the administratrix had full power and control over it, and her arrangement and acceptance of salisfaction, as stated in the hill, and the surrender of the bond is binding, and the complainant, as administrator of the goods and chattels, rights and credits of William Pawling, deceased, unadministered by said Susannah the administratrix, can have no cause of complaint, for the fraud charged to invalidate the transaction, is founded upon the right of the devisees, and therefore that the administratrix had no right to make it. But if the bond passed by the devisees to the child or children of the testator, then the complainant cannot be entitled to sue in his character of administrator de bonis non of William Pawling deceased.
Jurisdiction to grant administration de bonis non with the will annexed, appertains to the court which had jurisdiction, and granted probato of the executor, and tho grant br anollie;' court 16 vnlil'
bomiforland decided a ' 5 gainst, because it docs not shew the consideration paid, the allegations are contradictory and repulsive, the demand stale, and the cause without equity.
*583 The letters of administration granted by the Garrard county court are void; the will was proved in Scott, there recorded, the letters of administration with the will annexed,’ were there granted to the widow, and upon her death the jurisdiction to grant administration de bonis non belongs exclusively to that court. The complainant has no right or cause of action.
But this is not all. The bond was assigned by Henry Pawling to William Pawling, in 1787; the bond itself with Speed’s name cancelled, is producfid in evidence, and the bond is proved by a copy on the part of the complainant and the original on the part of the defendant; upon its face, it shews that the land was sold at ten shillings an acre, and that the contract was not for warranty, but a quit
Robertson, for plaintiff; Green, for defendant.
claim deed, but that Speed was to refund at that rate if the. land was lost, and it shows also, that the consideration was not paid; the bill does not charge, that the purchase money was paid, but that the complainant feels bound to call upon the defendant to prove that the purchase money was not paid. The > bond and assignment passed only an equity to William Pawling in the land; in equity Speed was not bound to convey until the purchase money was paid; William Pawling, nor his administrator, could never have sued at law, if the bond had never been surrendered to Speed; and no case is stated in the bill to warrant the administrator de bonis non of William Pawling, to sue in equity for damages. The case, from beginning to end, is such a scrambling claim, so contrary to the principles of equity, so contradictory and repulsive in its parts, and so stale, that the bill cannot be considered as other than vexatious on tbe part of the now complainant.
Decree affirmed with costs.