M’Girk, C. J.,
delivered the opinion of the Court.
This Was an action of assumpsit, brought by Thomas Caulk, administrator of the estate, &c., of R. Caulk, on a promissory note made to the intestate in his lifetime. The declaration is in the usual form. The defendant pleaded that the plaintiff’ was not administrator of the goods, &c., of R. Caulk. Issue was taken to the country. On the trial the plaintiff gave in evidence letters of administration granted by the Clerk of the County Court of St. Louis county, in the year 1825, to Thomas Caulk, Jr. The defendant objected to the letters going in evidence. The objection was overruled.
The defendant then gave in evidence letters of administration granted by Silas Rent, Clerk, as above stated, on the goods, &c., of R. Caulk, in the year 1821, to Thomas Caulk, without the addition of Jr., and to one Stephen Hancock; and proved that Hancock took on himself the administration of the effects, and that Hancock was still living. As to the last letters, they commenced and ended by running in the name of Silas Bent, Clerk, and were sealed with the seal of the County Court, but *27 they were signed John Rent, Deputy Cleric. No other evidence was given except the notes sued on. On this state of facts, the counsel for the defendant prayed the Court to say, by way of instruction, that the plaintiff could not recover. The Court refused the instruction. A verdict and judgment were given for the plaintiff. The plaintiff in error, to reverse the judgment, makes this point; that in this case the plaintiff cannot be administrator till it is shown in evidence that the former adminis-» trators were dead, or that the former letters were revoked.
We have no doubt that there cannot be in this State two sets of lawful administrators at the same time, on the same estate. In the case before us, the last administration was granted while a former grant still subsisted, and to make this good, the former letters should have been shown to have been vacated by the act of the Court, or by the death of the administrator, or by resignation. See a case in point, 8 Cranch R. 9, &c., Griffeth v. Frazier. To avoid the effect of this principle, it is contended by the counsel for the defendant in error, that the former letters were absolutely void from the beginning, because the letters were signed by John Bent, Deputy Cleric. It is argued that the Deputy is not competent to grant letters in his own name. To support this doctrine, the case of Stuart v. Westerfield and Cane is cited, 1 vol. Missouri Decisions, 752. In that ease the Deputy Clerk granted letters of administration in his own name. In this case the letters run in the name of the principal Cleric throughout, but are signed by the Deputy. Now the law no where requires that letters of administration should be signed by the Clerk. If they purport to be granted by the proper authority, are in due form and sealed with the office seal of the County Court, it is enough without the signature of the Clerk, at least till the letters are set aside for want of more formality. These letters seem to us to be only voidable, and not void, and we do not mean to say they are voidable, but at most only so.
The second letters in this case, unless something is yet behind which might show them good, are not sufficient to entitle the defendant in error to recover, because there was, when they were granted, a former subsisting administration.
Several other points were raised, but as this point decides the case, we will not look into them. The judgment is reversed, and the cause is remanded for further proceedings.
The defendant in error pays the costs of this writ of error.