Moore, *Administrator, versus* Philbrick.

There is a want of jurisdiction in the Judge of Probate of any county to grant administration upon the estate of a person, whose domicil, at the time of his decease, was within the State, but not within such county.

Such want of jurisdiction, if it appear in the same record which exhibits the grant of administration, is decisive against the validity of the grant.

In a case, presented for decision upon a statement of facts, without any stipulation that the decision should be influenced by the pleadings, the defendant is to have judgment, if the facts would verify any plea, which would be a bar to the action.

In such a case, the pleadings do not require examination.

Assumpsit to recover a debt alleged to have been due to Benjamin Moore. The case was submitted on facts agreed.

*G. M. Weston*, for plaintiff.

Moore *v.* Philbrick.

*Morrison,* for defendant.

WELLS, J. — By statute, c. 105, § 3, a Judge of Probate has power to grant administration upon the estate of a person, who, at the time of his decease, resided in the county, within which the Judge has authority to exercise his jurisdiction. And where it is granted, upon the estate of one who had his domicil in this State at the time of his decease, in a county where he did not reside, such administration is void. If a Judge of Probate has no jurisdiction over the case upon which he undertakes to adjudicate, his proceedings by the common law are *coram non judice,* and have no binding force upon any one. *Holyoke* v. *Haskins,* 5 Pick. 20, 9 Pick. 259; *Cutts* v. *Haskins,* 9 Mass. 543; *Sigourney* v. *Sibley,* 21 Pick. 101.

The plaintiff was appointed administrator upon the estate of Abraham Moor by the Judge of Probate for the county of Penobscot, and by the same record it appears, that the deceased, at the time of his death, resided in the county of Piscataquis. The Judge of Probate therefore for the county of Penobscot had no authority to make the appointment.

A recovery in this case would not protect the defendant from an action brought by a rightful administrator.

The twenty-second section of the statute before mentioned, which prohibits the jurisdiction of Judges of Probate from being contested in certain cases, excepts from its operation those in which " the want of jurisdiction appears on the same record."

Such want of jurisdiction appearing on the same record, which exhibits the appointment of the plaintiff as administrator, is decisive against his right to maintain this action.

It is contended on the part of the plaintiff, that the objection made by the defendant should have been taken in abatement. The case is presented for decision upon a statement of facts, without any stipulation, that it shall be made to depend upon the pleadings, or that their effect shall be controlled by them.

In such position of the case, the rule, as laid down in *Gardiner* v. *Nutting*, 5 Greenl. 140, is, that " in an agreed state of facts, the principle is, if there be no special limitation in the statement, that the defendant is to have judgment, if the facts would verify any plea, which would be a bar to the action."

But the facts in this case do show a bar to the action, and might be received in evidence under a plea in bar. *Stearns* v. *Burnham*, 5 Greenl. 261; *Langdon & al. Admr's* v. *Potter*, 11 Mass. 213 ; 1 Chit. on Plead. 485. The plaintiff has no cause of action against the defendant either on this or any other writ, and such ground of defence is properly pleadable in bar. *Jewett* v. *Jewett, Adm'x*, 5 Mass. 275. We do not mean to say, that the pleas, which were filed, were inappropriate to the defence, but that the case does not require their examination.

According to the agreement of the parties, a nonsuit must be entered.                                    *Plaintiff nonsuit.*