HENRY WILLIAMSON, Judge of Probate,

*vs.*

SAMUEL WOODMAN.

Somerset. Opinion January 13, 1882.

*Probate bonds. Estoppel. Guardian's deed.*

The obligors who have voluntarily entered into a bond, given by a guardian upon receiving license to sell real estate, are estopped by the recitals in the bond, which admit a due appointment of the guardian and full authority to sell and convey the real estate of the ward.

Informalities in the recitals of a guardian's deed given in good faith, mistakes of the guardian in stating the date of the issuing of authority, authority having been given, or the insertion of irrelevant matter should not be regarded as sufficient to avoid such deed.

Where a ward brings his suit in affirmation of a sale of his real estate by his guardian, it is neither for the guardian nor his surety to set up the invalidity of the sale or deed.

ON REPORT.

Debt on a bond, given by Laura J. Lyford, as guardian of Charles F. Lyford, upon receiving license to sell certain real estate, signed by the defendant as surety.

Plea, general issue, with brief statement alleging that Laura J. Lyford was never the legal guardian of Charles F. Lyford, that her license to sell real estate was entirely void, and that the bond in suit is therefore wholly void.

The opinion states the material facts.

The law court were to determine the law and the facts, and render judgment according to the legal rights of the parties.

*C. A. Harrington,* for the plaintiff, cited : *Doe* v. *Oliver,* 2 Smith's Lead. Cas. (6th ed.) 673 ; *Cutler* v. *Dickinson,* 8 Pick. 386 ; *Cordis* v. *Sager,* 14 Maine, 477 ; *Judge of Probate* v. *Cook,* 57 N. H. 450 ; Schouler, Dom. Rel. 485 ; R. S., c. 71, § 31 ; *Webster* v. *Calden,* 53 Maine, 203 ; *Knox* v. *Jenks,* 7 Mass. 491 ; *Kenniston* v. *Leighton,* 43 N. H. 309 ; *White* v. *Weatherbee,* 126 Mass. 450.

*Folsom and Merrill,* for the defendant.

Mrs. Lyford was administratrix on the estate of her husband, the law presumes that she continued as such until legally discharged. *Sawyer* v. *Knowles,* 33 Maine, 210 ; *Conkey* v. *Kingman,* 24 Pick. 115.

She could not be appointed guardian. R. S., 1857, c. 67, § 1.

True she had settled an account as administratrix, entitled first and final, but that showed seventy-nine dollars and thirty-four cents remaining in her hands.

If there was no legal appointment of guardian, the acts of the judge of probate were void, and this action cannot be sustained. Chit. Contr. 692 ; *Corwin* v. *Merritt,* 3 Barb. 341.

It should be shown to the court affirmatively, that the probate court had authority to make the decree. *Dakin* v. *Hudson*, 6 Cowens, 221; *Bloom* v. *Burdock*, 1 Hill, 130; *Jackson* v. *Esty*, 7 Wendell, 148.

In order to render a recital an estoppel, it must be shown that the object of the parties was to make the matter recited, a fixed fact as the basis of their action. Bigelow on Estoppel, 280.

A mere recital induced by a mutual mistake of a fact, cannot operate by way of an estoppel. *Conant* v. *Newton*, 126 Mass. 109. See also, 2 Greenl. Ev. 339; *Farrar* v. *Cooper*, 34 Maine, 401.

In order to give effect to a guardian's deed of real estate sold under license from probate court, it must appear that all the statutory provisions in relation thereto, have been strictly complied with. 3 Wash. R. P. 193; *Campbell* v. *Knights*, 26 Maine, 227; *Jackson* v. *Esty, supra; People* v. *Barnes*, 12 Wend. 493; *Williams* v. *Morton*, 38 Maine, 47.

APPLETON, C. J.    At the December term, 1861, of the probate court in this county, Laura J. Lyford entered upon the discharge of her duties as administratrix of the estate of Charles W. Lyford, to which she had been duly appointed.

On the seventh of July, 1863, she petitioned to be appointed guardian of her minor son, Charles F. Lyford, "she having settled her final account as administratrix of the estate of said deceased," (her husband) as was set forth in her petition.

At the probate court held on the first Tuesday of July, 1863, the judge decreed "that said Laura J. Lyford be discharged from her trust as administratrix of said Charles W. Lyford, and that she be and hereby is appointed guardian to said minor," she giving bonds to the amount specified in the decree. She filed the required bond, and was appointed guardian.

On the seventh of July, 1863, the guardian petitioned to sell certain real estate to John Wyman, for four hundred and seventy-five dollars, and at a probate court held on the first Tuesday of August, 1863, the license was granted "upon her filing bond, with sufficient sureties in the sum of nine hundred and fifty dollars."

The required bond was given, which the defendant signed as surety. The land was conveyed on the fifth of September, 1863, to Rubie M. Wyman, the wife of John Wyman, and the money paid. It is upon the bond that it is claimed to hold the guardian liable for her official neglects.

The bond in suit recites that Laura J. Lyford had been duly appointed by the judge of the court of probate, guardian of Charles W. Lyford, and as such, had been authorized and empowered to sell and convey certain real estate belonging to her said ward, at a probate court held at Norridgewock, on the seventh of July, 1863.

The bond was voluntarily entered into. The obligors are estopped by the recitals in the bond, which admit a due appointment of the guardian, and full authority to sell and convey the real estate of the ward. *Cutler* v. *Dickinson*, 8 Pick. 387. The obligors on a bond are estopped to deny the facts therein stated. *Cordis* v. *Sager*, 14 Maine, 475. In *White* v. *Weatherbee*, 126 Mass. 451, it was held after a decree of distribution of an intestate estate in the probate court, ordering A, the administrator, to pay a certain sum to B, as administrator of C, that the surety of A's bond, in an action against him for the benefit of B, for such neglect could not show that B was not duly appointed administrator of C. "Such decree," observes MORTON, J., "is conclusive upon the sureties, and they cannot impeach it collaterally."

A sale was made under the license given. In the petition for license to sell, it is said that the offer was made by John Wyman. The deed was given to Rubie M. Wyman, the wife of John Wyman. The guardian returned the sale as made, and charged herself with the price. The grantee, for aught that appeared, has been in undisturbed possession of the premises conveyed, to the present time. So far as regards the ward, it is immaterial to him to whom the land was conveyed, and from whom the price was received.

Mrs. Lyford, in her deed, released her right of dower in the premises, but she charged herself with the full price. It was her voluntary act. The deed recites that the land, (irrespective of

dower) was sold for the price at which she was authorized to sell the same.

The deed erroneously recites the license as having been given on the seventh of July, 1863, the date of the petition, instead of the first Tuesday of August, when in fact, the license was granted. How the error of date occurred is obvious by the records before us.

So the deed recites the oath required by law to have been duly taken, but the fact no otherwise appears. The probate records do not show an oath to have been taken.

The ward for whose benefit the estate was sold, sanctions and affirms what has been done by this suit to recover what has been unaccounted for of the proceeds of the guardian's sale. The grantee, who purchased and paid for the land, interposes no objection to the validity of the proceedings, by and under which she enjoys the premises conveyed. The license was granted by a court of competent jurisdiction, and the deed was duly executed and recorded. It is wise policy to sustain judicial sales, and they should not be declared void for slight and trivial defects. Informalities in the recital of a deed given in good faith, mistakes of the guardian in stating the date of the issuing of authority, authority having been duly given, or the insertion of irrelevant matter should not be regarded as sufficient to avoid such deed. It is a general rule that when the ward arriving at age, with a knowledge of the facts, and in the absence of fraud, receives and retains the purchase arising from his guardian's sale of his land, he cannot afterwards question its validity. Schouler on Domestic Relations, 510. Here the ward brings her suit in affirmation of this sale, and it is neither for the guardian nor his surety to set up its invalidity.

*Judgment for plaintiff.*

WALTON, BARROWS, DANFORTH, PETERS and LIBBEY, JJ., concurred.