CHARLES S. ELGUTTER, ADMINISTRATOR, v. MISSOURI PACIFIC RAILWAY COMPANY.

FILED FEBRUARY 17, 1898. No. 7771.

1. Appointment of Administrator: COLLATERAL ATTACK. The appointment of an administrator may be collaterally attacked when the record affirmatively shows the court granting the letters acted without jurisdiction.

2. ——: APPLICATION. An application for administration must be regarded as abandoned where no action or step whatever is taken

by the court in the proceeding for nearly two years after the date fixed in the notice to the next of kin of the time and place of the hearing.

ERROR from the district court of Douglas county. Tried below before AMBROSE, J.   *Affirmed.*

*Connell & Ives,* for plaintiff in error.

*Lee S. Estelle, B. P. Waggener,* and *James W. Orr, contra.*

NORVAL, J.

Ralph E. Gaylord, as administrator of the estate of George Jay, deceased, instituted this action in the court below to recover the sum of $5,000 damages on account of the death of his intestate, alleged to have been caused by the wrongful act, neglect, and default of the defendant. Subsequently, Gaylord was removed as administrator of said estate by the county court, and one Charles S. Elgutter was appointed administrator in his place, who was substituted as plaintiff herein by the district court. One of the defenses raised by the answer was that no administrator of the estate of Jay was ever legally appointed. The court below directed a verdict for the defendant on this ground, which ruling is presented for review.

The doctrine is firmly established in this state that the appointment of an administrator cannot be assailed collaterally where the county court did not exceed its jurisdiction in granting the letters of administration. (*Missouri P. R. Co. v. Lewis,* 24 Neb. 848; *Moore v. Moore,* 33 Neb. 509; *Bradley v. Missouri P. R. Co.,* 51 Neb. 653.) There is no room to doubt that the appointment of an administrator may be attacked collaterally where the record on its face discloses an entire want of jurisdiction by the county court to act in the premises. (*Moore v. Moore,* 33 Neb. 509; *Davis v. Hudson,* 29 Minn. 27; *Gillett v. Needham,* 37 Mich. 143.) Plaintiff's counsel insist that

the facts necessary to confer jurisdiction upon the county court fully appear.

There is no dispute concerning the facts. It is disclosed that George Jay died in Douglas county on February 16, 1891, from injuries inflicted by one of defendant's engines; that five days later a petition in due form alleging the essential jurisdictional facts was presented to the county court of said county by a person claiming to be the widow of said decedent, although as a matter of fact she was not his widow, nor in any manner interested in his estate as a creditor or otherwise; that upon the filing of said petition an order was entered by the county court assigning April 24, 1891, as time for hearing of the application, and notice thereof was given by publication to all persons interested as required by law; that on said date no hearing was had, nor was any adjournment taken, and no other or further steps were had in the matter until February 3, 1893, when an application, setting forth no jurisdictional fact, was presented on behalf of the parents, brothers, and sisters of the decedent, to the county court of Douglas county, praying the appointment of an administrator of the estate of said George Jay, deceased; that no notice of this application was ever given, but on the day of the filing thereof Ralph E. Gaylord was appointed administrator, who qualified as such and received letters of administration, and on May 5, 1894, the county judge of his own accord revoked the appointment of Gaylord, and Charles S. Elgutter was substituted in his place, who duly qualified as administrator. The petition for the appointment of the administrator was sufficient in form and substance, and the statutory notice of the time and place fixed for the hearing was given, so the county court upon the face of the record at one time had jurisdiction to grant letters of administration upon the estate of the decedent. (See the decisions of this court heretofore cited.) The contention of the defendant is that the county court was ousted of its jurisdiction by reason of

its failure to take any step in the matter of the appoint-
ment of an administrator for nearly two years after the
giving of the notice of the hearing.   This position is un-
answerable.   In addition to a sufficient petition for ad-
ministration, the statute requires notice of the application
"and of the time and place of hearing thereof to be given
by personal service on all persons interested, or by publi-
cation under an order of such court in such newspaper
printed in the state as he may direct." (Compiled Statutes,
ch. 23, sec. 195.)   The giving of notice is as essential to ju-
risdiction as is the filing of a sufficient application or peti-
tion for the granting of administration.    (*Davis v. Hudson*,
29 Minn. 27; *Gillett v. Needham*, 37 Mich. 143; *Palmer v. Oak-
ley*, 2 Doug. [Mich.] 433; *Dalton v. State*, 6 Blackf. [Ind.]
357; *Hart v. Gray*, 5 Sumner [U. S.] 339; *Seaverns v.
Gerke*, 3 Sawyer [U. S.] 353.)   The purpose of the notice
is to advise persons interested in the estate of the con-
templated proceedings, so that they may appear and take
such action as shall best subserve their interests.   The
proper notice was given, it is true, but there was no ap-
pointment of administrator made at the time fixed in the
notice for the hearing, nor for almost two years there-
after; nor was the hearing of the application continued
or postponed.   On the contrary, the record shows that
the entire proceedings were abandoned, no steps looking
to the appointment of an administrator of the Jay estate
having been taken until February 3, 1893, when a new
application for the granting of administration, wholly
defective in substance, was filed, which was acted upon
by the county judge at once, without any notice what-
ever.   The proceedings were absolute nullities, and are
entirely valueless as authority for the administration.
(*Torrance v. McDougald*, 12 Ga. 526; *McGehee v. Ragan*, 9
Ga. 135.)   It follows that plaintiff had no authority to
maintain the action, and the judgment of the district
court is

AFFIRMED.