JOHN A. NASH, Administrator of Estate of SAMUEL SAWYER, Deceased, Appellee, v. ELWIN SAWYER *et al.*, Appellants.

**Administration:** ESTOPPEL TO DENY VALIDITY OF APPOINTMENT OF ADMINISTRATOR: *Sureties.* In an action on an administrator's bond, both the administrator and his sureties are estopped from denying the validity of his appointment.

*Jurisdiction—Collateral attack.* Where a district court appointed a special administrator without any petition, and the order recited no jurisdictional facts, and the same man is subsequently appointed special administrator of the estate in another county, the question of jurisdiction of the court making the first appointment may be contested collaterally in an action on the bond given in the other county.

*Same.* Where a petition for the appointment of an administrator shows that the district court of another county is exercising jurisdiction over the estate, such petition does not give jurisdiction over the estate, though it recites that deceased was a resident of the county in which the petition was filed, and an order entertained on such petition may be collaterally attacked.

SPECIAL ADMINISTRATORS: *Showing as to residence.* The same showing as to residence of the deceased is required for the appointment of a special as for the appointment of a general administrator.

DISAPPROVAL OF REPORT: *Final unless appealed.* Where there is no appeal from an order disapproving the report of a special administrator and requiring him to turn over the property to the general administrator, such order is final, and establishes the liability of the special administrator and the sureties on his bond, unless it be shown that the court had not jurisdiction.

**Review on Appeal:** JURISDICTIONS: *Conflict in evidence as to.* Where, in an action on an administrator's bond, it is claimed that the court had no jurisdiction of the estate because deceased was a resident of another county, and there is a fair conflict of evidence on the point, the finding of the court as to the county of his residence is conclusive.

*Appeal from Audubon District Court.*—HON. A. B. THORNELL, Judge.

SATURDAY, OCTOBER 19, 1901.

ACTION at law on a special administrator's bond. Verdict and judgment for plaintiff, and defendants appeal.—
*Affirmed.*

*Jamison & Smyth* for appellant.

*John H. Mosier* and *De Lano & Meredith* for appellee.

DEEMER, J.—Samuel Sawyer died in Audubon county about April 1, 1896, leaving an instrument, purporting to be his last will and testament, whereby he attempted to dispose of his property. This will was filed in Audubon county, and the executor named therein took charge of the personal effects of the deceased. Objections were filed on behalf of defendant Elwin Sawyer and others to the probate of the will. After filing the objections, the contestants moved to transfer the case to Jones county for trial, on the ground that that county was the last place of residence of deceased. The motion was overruled, and the cause was tried to a jury, resulting in a verdict and judgment finding the will invalid. Before the trial, Elwin Sawyer was appointed special adminstrator of the estate by the district Court of Audubon county, and gave the bond on which this action was brought. Prior to that, however, he was appointed special administrator of the estate by the district court of Jones county, but no petition was filed with the clerk of that county for the appointment, nor does the order appointing him recite any jurisdictional facts. After the appointment by the Audubon district court, he secured an order from that court for the examination of the executor appointed by the will, and for the delivery of effects belonging to the estate, and the court made an order that all the effects be turned over to Elwin as special administrator. Pursuant to this order, he secured the property belonging to the deceased. The special administrator was also ordered

to file his final report forthwith. In March of the year 1897, on petition of the widow, Ellen C. Sawyer, reciting some of the proceedings in Audubon county, and that Jones county was the last place of residence of the deceased, the district court of that county (Jones) made an order appointing Elwin general administrator of the estate, and on April ninth Elwin Sawyer, as special administrator, filed with the clerk of the Audubon county district court what is denominated his "final report," to which was attached a receipt, signed by himself as administrator of the estate. This report was disallowed, and plaintiff was appointed general administrator of the estate by the Audubon district court, and an order was made that Sawyer, as special administrator, turn over the property in his hands belonging to the estate to plaintiff, Nash. Sawyer failed to comply, and this action was brought on his bond as special administrator.. The bond recited that Sawyer was appointed special administrator by the district court of Audubon county, and was conditioned that he should well and truly perform all the duties required of him as such special administrator.

The defendants contend that the Audubon district court had no jurisdiction over the estate; that deceased was a resident of Jones county at the time of his death, and that the finding of the Jones county district court on the application of the widow for the appointment of an administrator is conclusive until set aside by direct proceedings. The case is at law, and the findings of the trial court have the force and effect of the verdict of a jury, and will not be disturbed if there be a fair conflict of evidence. There is sufficient evidence to justify a finding that Samuel Sawyer was a resident of Audubon county at the time of his death, and that the Audubon district court had jurisdiction to appoint a special administrator.

The appointment of the special administrator by the clerk of the Jones district court seems to have been without jurisdiction. No petition for such an appoint-

ment was filed, and no finding made that Samuel Sawyer was a resident of Jones county at the time of his death. In any event, neither Sawyer nor his co-defendants, who were sureties on his bond, are in position to deny the validity of his appointment as special administrator by the Audubon district court. The bond recites the appointment, and is conditioned on the faithful performance of the trust. Both principal and sureties are estopped from denying the validity of the appointment. *Andrews v. Avory*, 14 Grat. 229 (73 Am. Dec. 355); *Cotton's Adm'r v. Wolf*, 14 Bush, 238; *State v. Mills*, 82 Ind. 126; *Norton v. Miller*, 25 Ark. 108; *Fox v. Minor*, 32 Cal. 111 (91 Am. Dec. 566); *Williamson v. Woodman*, 73 Me. 163; *Bruce v. U. S.*, 17 How. 437 (15 L. Ed. 129).

The order disapproving the special administrator's final report, and directing him to turn over the property in his hands, has never been appealed from, and for that reason is final. This in itself establishes defendants' liability on the bond, and, as plaintiff is the general administrator of the estate, duly appointed by the Audubon district court, he is entitled to recover, unless it be found that because of the proceedings in Jones county the Audubon county district court had no jurisdiction to appoint him. It is true that the Jones county district court first appointed a general administrator for the estate of deceased, and it is also true, as a general rule, that the jurisdiction of the probate court, in so far as it depends on place of residence of the deceased, cannot be contested in collateral proceedings. *Mc-Feely v. Scott*, 128 Mass. 16; *Andrews v. Avory, supra; Kling v. Connell*, 105 Ala. 590 (17 South. Rep. 121, 53 Am. St. Rep. 144); *Griffith's Estate*, 84 Cal. 107 (23 Pac. Rep. 528, 24 Pac. Rep. 381). There are at least three exceptions to this general rule, however. If it turns out that the person on whose estate administration has been granted is in fact living, the order appointing the administrator is void, and of no effect, and may be collaterally attacked.

*Scott v. McNeal,* 5 Wash. 309 (31 Pac. Rep. 873, 34 Am.
St. Rep. 863); *Jochumesen v Bank,* 3 Allen, 87.
Again, if the person be dead, and a personal repre-
sentative has been appointed, no other court in the
same jurisdiction has authority to appoint another repre-
sentative, and such second appointment may be collaterally
attacked. If there be a representative for the deceased al-
ready appointed, no court sitting within the same state has
authority, in the absence of statute to appoint another.
*Griffith v. Frazier,* 8 Cranch, 9 (3 L. Ed. 471); *Andrews v.
Avory, supra; Coltart v. Allen,* 40 Ala. 155 (88 Am. Dec.
757). Manifestly, there can be but one grant of administra-
tion on the same estate in the same sovereignty, and the
court first exercising jurisdiction will retain it to the end.
And, third, if the records or papers in the case recite facts
which show lack of jurisdiction, or if any necessary juris-
dictional facts are not recited in the record of appoint-
ment, the order may be collaterally attacked, unless the evi-
dence adduced contradicts the record either directly or in-
ferentially. *In re King's Estate,* 105 Iowa, 320. The first
exception to which we have referred does not, of course,
apply to the case before us, but the second and third, in our
opinion, do. True, Sawyer was first appointed special ad-
ministrator by the district court of Jones county; but there
was no petition for his appointment, and the order
appointing him recites no jurisdictional facts. At
that time the will had been filed for probate in
Audubon county, and defendant Sawyer had moved to trans-
fer the will contest to Jones county. The motion, after full
hearing was denied. On his own application he was thereafter
appointed special administrator by the Audubon district
court, and gave the bond on which this suit is predicated.
He also secured the property of deceased, as special admin-
istrator appointed by the Audubon district court, in virtue
of the orders of that court. Surely, the Audubon district

court had assumed jurisdiction over the estate, and had undertaken to direct the disposition of the property of the deceased, before defendant was appointed general administrator of the estate by the Jones county district court. As we have seen, the defendants are estopped from denying the validity or regularity of Sawyer's appointment as special administrator of the estate by the Audubon court; and the order denying his motion for change of place of trial was an adjudication that deceased was a resident of Audubon county at the time of his death. As the Audubon district court had assumed jurisdiction of the estate, and had appointed a representative, the Jones county district court was clearly without jurisdiction, for there was no estate that was not being administered upon,—no "subject-matter," as the court of appeals of Virginia puts it in the *Andrews Case, supra.* The same showing as to residence is required for the appointment of a special as for the appointment of a general administrator. The appointment of the special administrator by the Jones county court was invalid, then, for two reasons: First, because no jurisdictional facts were shown, either by petition or in the order making the appointment; and, second, because defendants recognized the appointment as invalid by applying to the Audubon district court for appointment, securing the order, giving the bond, and obtaining possession of the property in virtue of an order of that court. As the Audubon county court had assumed jurisdiction over the estate, and had appointed a representative of the deceased, when the Jones county court undertook to appoint a general administrator, this last-named order was void, and may be collaterally attacked. If we apply the rule contended for by appellants to the facts of this case, we reach the same result. The appointment of Sawyer as special administator by the Audubon district court is not subject to collateral attack for the reasons heretofore stated; and defendants are

in no position to say that that court had no jurisdiction of the estate of the deceased. Moreover, the petition filed in the Jones district court for the appointment of a general administrator recites that Samuel Sawyer died in Audubon county; that he left a paper purporting to be his last will and testament; that it was filed for probate in the Audubon county court; that a contest was had over it, and the will set aside. True, it also recites that the deceased was a resident of Jones county, but enough was recited to show that another court had taken jurisdiction of the matter of administering upon the estate, and we think the case falls within the third exception hitherto stated.

The judgment of the district court is correct, and it is AFFIRMED.