In re Estate of Peter Kladivo.

Joseph Kladivo, Appellant, v. Ed. Sulek, Administrator, Appellee.

**EXECUTORS AND ADMINISTRATORS:** Conflicting Appointments
1  in Different Counties.  An appointment of an administrator by the clerk or court of one county, based on a finding that the deceased was a resident of said county at the time of his death, is a *finality,* until set aside on appeal or *direct* attack, *and exhausts the power throughout the state in any other clerk or court to make another appointment* until the former order is so set aside.

**EXECUTORS AND ADMINISTRATORS:** Estoppel to Question Il-
2  legal Appointment.  The act of a validly appointed administrator in negotiating with an invalidly appointed administrator for the settlement of claims filed with the latter does not work an estoppel to dispute the validity of the appointment of the latter.

*Appeal from Johnson District Court.*—Ralph Otto, Judge.

February 17, 1920.

Suit by plaintiff, duly appointed administrator of the estate of Peter Kladivo, deceased, by the district court of Linn County, to cancel the appointment of defendant as administrator of the same estate by the district court of Johnson County, resulted in the dismissal of the petition.   The plaintiff appeals.—*Reversed.*

*H. G. Walker* and *Rickel & Dennis,* for appellant.

*Hart & Hart* and *B. L. Wick,* for appellee.

Ladd, J.—Peter Kladivo died intestate, November 22,

1913, leaving as his only heir, Joseph Kladivo. The latter filed his petition with the clerk of the district court of Linn County, alleging that Peter was a resident of that county at the time of his death, and left personal property of the estimated value of $150. The petition was duly verified; and, on December 18, 1913, petitioner was appointed administrator, and duly qualified, letters of administration having been issued to him. Notice of his appointment was promptly published, and, on July 23, 1918, the court approved his final report, and, as administrator, he was discharged. In the meantime, and in May, 1916, John Benish, an alleged creditor of decedent's, filed a petition with the clerk of the district court of Johnson County, alleging the death of Peter Kladivo, that he was a resident of Johnson County at the time of his death, and that he was seized of certain described land, and left personal property not to exceed the value of $50, and prayed that defendant, Ed. Sulek, be appointed administrator. Letters of administration were issued to Sulek in June following, and notice of his appointment was served by posting. Four claims were presented to him and filed, aggregating $323.56, and, on October 24, 1917, the administrator Sulek filed a petition, praying an order for the sale of the land of which decedent is alleged to have died seized, to satisfy these claims and costs of administration. November 12, 1917, was fixed for date of hearing, and notice thereof served on Joseph Kladivo, October 31st previous. Whether hearing was had, we are not told; but, on December 15, 1917, Joseph Kladivo filed his petition with the clerk of the district court of Johnson County, alleging the death of his brother Peter, that the latter was a resident of Linn County, that petitioner was duly and legally appointed administrator of the estate left, and was still acting as such, that the district court of Johnson County was without power or

1. EXECUTORS AND ADMINISTRATORS: conflicting appointments in different counties.

authority to appoint an administrator, and praying that the order granting letters of administration to Sulek be set aside, canceled, and held for naught, and that he be ordered not to proceed further.   In his answer, Sulek denied that decedent was a resident of Linn County, and alleged that he was a resident of Johnson County at the time of his death, put in issue the jurisdiction to appoint, and pleaded that plaintiff was estopped from denying defendant's right to administer the estate.   The law contemplates but one administration within the state, for Section 3265 of the Code provides that:

"The court of the county in which a will is probated, or in which administration or guardianship is granted, shall have jurisdiction co-extensive with the state in the settlement of the estate and the sale and distribution thereof; and a certified copy of any order, judgment or deed, affecting real estate in any county other than that in which administration or guardianship is originally granted, shall be furnished to and entered by the clerk of the district court of the county where such real estate is situated in the probate records of said court."

Either plaintiff or defendant, then, was entitled thereto, and in no event, both of them.  As between several courts, jurisdiction to appoint an administrator of the estate of deceased persons attaches to the court invested with probate powers for the county of his residence at the time of his death.  1 Woerner on American Law of Administration (2d Ed.), Section 204.  It is so declared by statute in this state.  The first paragraph of Section 225 of the Code provides that:

"The district court of each county shall have original and exclusive jurisdiction to probate the wills of, and to grant administration upon the estates of, all persons who at the time of their death were residents of the county, and of nonresidents of the state who die leaving property within

the county subject to administration, or whose property is afterwards brought into the county."

In appointing an administrator under this statute, the court necessarily decides whether decedent was a resident of the county over which its jurisdiction extends; for, without so finding, it would be without jurisdiction to appoint. Decisions are not wanting in which it is held that, in a collateral proceeding, proof may be received, showing such finding erroneous; that decedent was not such resident of the county at the time of his death; and that the grant of letters of administration was void *ab initio*, for want of jurisdiction. *Perry v. St. Joseph & W. R. Co.*, 29 Kans. 420; *People's Sav. Bank v. Wilcox*, 15 R. I. 258; *Olmstead Appeal*, 43 Conn. 110; *Miller v. Swan & Brown*, 91 Ky. 36. But, as remarked in 1 Woerner on American Law of Administration (2d Ed.), Section 204:

"The more reasonable doctrine is gaining ground, and is now held in nearly all the states, that letters so granted, while they are voidable when properly assailed, are valid until revoked in a direct proceeding."

*Coltart v. Allen*, 40 Ala. 155; *In re Estate of Griffith*, 84 Cal. 107; *Tant v. Wigfall*, 65 Ga. 412; *Record v. Howard*, 58 Me. 225; *McFeeley v. Scott*, 128 Mass. 16; *Johnson v. Beazley*, 65 Mo. 250; *Bolton v. Schriever*, 135 N. Y. 65; *Lyne v. Sanford*, 82 Tex. 58. The probate court is a court of general jurisdiction in this state. *Reed v. Lane*, 96 Iowa 454; *Myers v. Davis*, 47 Iowa 325; *Read v. Howe*, 39 Iowa 553. See *Cooper v. Sunderland*, 3 Iowa 114; *Beresford v. American Coal Co.*, 124 Iowa 34.

Under Section 250 of the Code, the clerk of the district court is authorized to make "the appointment, when not contested, of resident administrators, executors, and guardians of minors, and the approval of any and all bonds given," and his action therein may be reviewed by the court, at the instance of an aggrieved party at the succeeding

term, and later, on good cause shown, and upon notice; and the record of such appointments, unless assailed and reversed, is "of the same force, validity and effect, and shall be entitled to the same faith and credit, as if made by the court or by the judge thereof." Section 252 of the Code. Its appointment of an administrator, if not appealed from or set aside, is to be treated, then, the same as though made by the district court; and the rule is well established in this state that an appointment so made cannot be assailed collaterally. In *Murphy, Neal & Co. v. Creighton,* 45 Iowa 179, the court, in appointing an administrator for the estate of a nonresident, held that the validity of such appointment might not be questioned collaterally by proving that no property of the decedent was in the county. This decision was followed in *Lees v. Wetmore,* 58 Iowa 170, and *Christy v. Vest,* 36 Iowa 285, which seems to express a different view, attempted to be distinguished. In *Seery v. Murray,* 107 Iowa 384, the controversy was between devisees over property of the estate, and it was held that the validity of plaintiff's appointment might not be drawn into question. In *In re Estate of King,* 105 Iowa 320, the application recited that deceased was a resident in a county other than the county of the court appointing, and this was in no manner contradicted; and, as the court could not have found him a resident of the county where the court appointing sat, the appointment was adjudged void. The rule prohibiting collateral attack, where the court appointing found the residence of deceased within its jurisdiction, was recognized in *Nash v. Sawyer,* 114 Iowa 742, announced in *Erwin v. Fillenwarth,* 160 Iowa 210, and reiterated in *In re Estate of Stone,* 173 Iowa 371. See *Cummings v. Lynn,* 121 Iowa 344. In *In re Estate of Rowe,* 179 Iowa 541, the attack was direct, the proceeding being to remove the administrator appointed by the district court of Woodbury County, for that the intestate resided in Monona County. In

*Scrimgeour v. Chase,* 145 Iowa 368, the point here considered was not raised. Assuming, as we must, that the probate court is competent to decide whether the facts are such as to confer jurisdiction, "it follows with inexorable necessity that, if it decides that it has jurisdiction, then its judgments, within the scope of the subject-matters over which its authority extends, in proceedings following the lawful allegation of circumstances requiring the exercise of its power, are conclusive against all the world, unless reversed on appeal, or voided for error or fraud in a direct proceeding. It matters not how erroneous the judgment: being *a judgment,* it is *the law* of that case, pronounced by a tribunal created for that purpose." 1 Woerner on Administration, Section 145.

The doctrine that administration granted in a county other than that of decedent's residence at the time of his death is voidable, rather than void, tends for conservatism, and will avoid largely the evil consequences which might follow in the wake of a different conclusion. Where the question, as in this case, is one of doubt as to the county to which administration belongs, there might be two administrations, debtors might be subjected to verdicts by different juries, and possibly two judgments for the same debt, but by different courts. Confusion might result as to the title of property, both real and personal. We are contented with the doctrine which has prevailed in this state for more than 40 years, and have no hesitancy in deciding that administration granted by the district court of Linn County may be assailed only by direct attack, and, until thus assailed and set aside, there can be no administration of the estate in any other county. In other words, there can be but one grant of administration on the same estate, and jurisdiction, having once attached, will continue until set aside on direct attack by someone interested in the estate. *In re Estate of Griffith,* 84 Cal. 107 (23 Pac. 528); *Chow v. Brockway,*

21 Ore. 440; *Pawling v. Speed's Executor*, 21 Ky. 580; *People, etc., to the use of Markham v. White*, 11 Ill. 341. See *Ramey v. Green*, 18 Ala. 771; *Watkins v. Adams*, 32 Miss. 333. In *Nash v. Sawyer*, 114 Iowa 742, this court laid down the rule that:

"If the person be dead, and a personal representative has been appointed, no other court in the same jurisdiction has authority to appoint another representative, and such second appointment may be collaterally attacked. If there be a representative for the deceased already appointed, no court sitting within the same state has authority, in the absence of statute, to appoint another."

*Hooper v. Scarborough*, 57 Ala. 510; *Post v. Caulk*, 3 Mo. 35 (Republication 3 Mo. 26). *Andrew v. Avory*, 14 Grattan (Va.) 229 (73 Am. Dec. 355), was cited in support of this holding. In the last-named case, after declaring that the appointment of an administrator is voidable only on citation or appeal, and might not be questioned in any collateral proceeding, the court said:

"There must be an office, and that office must be vacant, in order to a valid appointment of a personal representative. Until then, there is, in fact, no 'subject-matter,' to be within the jurisdiction of the court. That subject-matter is, the appointment of a personal representative to a decedent who has none, and whose personal estate is, therefore, without an owner. The validity of an order making an appointment must depend on the existence of that state of things. And, though the court must inquire into these preliminary facts, and in some sense adjudge them, in every case in which it makes an appointment; yet the judgment, to that extent, is incidental and inconclusive. If, in fact, there be a decedent without a personal representative, an order of a court of general jurisdiction on that subject, appointing one, is as conclusive on the question of jurisdic-

tion of the particular case as on any other question arising in the case."

See *Griffith v. Fraizer*, 8 Cr. (U. S.) 1, 9 (3 L. Ed. 471). There, the court held that an administrator of an estate might not be appointed during the temporary absence of an executor. *Coltart v. Allen*, 40 Ala. 155 (88 Am. Dec. 757), was also cited, and the court reaches a like conclusion.

As there was no application made for the revocation of the letters of administration issued to Joseph Kladivo by the district court of Linn County, and no revocation thereof, we have no occasion to revert to such proceedings to set aside such an appointment; but see 1 Woerner on Administration. Section 266 *et seq.* It is

2. EXECUTORS AND ADMINISTRA- TORS: estoppel to question il- legal appoint- ment.

enough now to say that the plaintiff was the legally appointed administrator of the estate of decedent; and, since he was such, the letters issued to the defendant were absolutely void, and the proceedings had in the district court of Johnson County were without authority of law.

It appears that the plaintiff entered into negotiations for the adjustment of claims presented to the defendant as administrator, and filed with the clerk of the district court of Johnson County, and it is argued that he is estopped thereby from asserting the invalidity of the defendant's appointment. There is no pretense that anything plaintiff did induced Benish to apply for administration in Johnson County, or Sulek to qualify as administrator. All Kladivo appears to have done was to negotiate settlement of the claims and costs of administration, and to pay over to Sulek several hundred dollars in money. The latter still retains the money, and there is no ground for saying that any prejudice has resulted from the negotiations, or from having

held the money. The defendant was not misled to his prej-
udice, and there was no estoppel. The court, in not grant-
ing the relief prayed in the petition, erred.—*Reversed.*

WEAVER, C. J., GAYNOR and STEVENS, JJ., concur.