[Nos. 2635, 2636.   Oct. 5, 1922.]

BACA v. BUEL (two cases).

### SYLLABUS BY THE COURT

(1) The appointment of an administrator of an estate by the probate court is null and void, being without jurisdiction, where there is a will on file in said court naming executors of said estate, and the executors had petitioned the court to probate said will and appoint them executors under it.                                          P. 228

(2)   The statute of limitations as to the presentation of claims against an estate does not begin to run from the date of such void appointment, but the creditors have one year from the subsequent appointment of the executors named in the will in which to present their claims against the estate.                                                        P. 228

Appeal from District Court, Socorro County: Owen, Judge.

Separate actions by Cirilio Baca and by Elfego Baca against H. R. Buel and another, executors of the last will and testament of W. H. Byerts, deceased. From judgments for the plaintiffs, defendants appeal. Affirmed.

James G. Fitch, of Socorro, for appellants.

M. C. Spicer, of Socorro, for appellee Cirilio Baca.

W. B. Bunton and M. C. Spicer, both of Socorro, for appellee Elfego Baca.

OPINION OF THE COURT

RAYNOLDS, C. J.   These two cases are appeals by the executors of the estate of W. H. Byerts, deceased, from judgments of the district court allowing the claims of appellees against said estate. William H. Byerts, resident of Socorro, N. M., died in El Paso, Tex., on June 18, 1919.   On July 9, 1919, the petition of Elfego Baca, appellee in cause 2635, to be appointed administrator of the estate of said Byerts, was granted, and he qualified as administrator on July 12, 1919.   At the date of his appointment as such administrator there was on file in the probate court of Socorro county a will of W. H. Byerts and a petition also on file by H. R. Buell and W. H. Winters, the executors named in the will. On September 12, 1919, the probate court of Socorro county denied probate of the will of said Byerts and at the same time refused to issue ancillary letters of administration to said Buell and Winters, appellants herein, although prior to that time, that is September 2, 1919, the will of said Byerts had been admitted to probate in El Paso county, Tex., and appellants had been appointed executors thereunder.

On December 31, 1919, upon appeal to the district court, from the probate court, an order was entered revoking the letters of administration to Baca and removing him as administrator. Appellants were at the same time appointed executors of said estate. The appellee Elfego Baca, in his petition to be appointed administrator, alleged that he was a creditor of the estate of W. H. Byerts, and that, although "diligent search had been made, no valid will of said Byerts had been found." The district court found as a fact that the claim of Baca as creditor was based upon an assignment of a claim of one Oldham, which had been transferred and assigned to Baca July 19, 1919, and that he (Baca) had paid nothing of value for the claim, but had an agreement with Oldham to pay over to him whatever might be allowed by the court upon said claim. On September 18, 1919, Elfego Baca filed said claim against the estate, of which he was then administrator, for the sum of $1,080. This claim was not properly entitled, verified, nor itemized, nor was notice given of its presentation. Upon the same date it was allowed by the probate court. Subsequent to his removal and after the appointment of the appellants as executors, that is, on November 13, 1920, Baca again filed his claim against the estate. On December 12, 1920, the appellants, executors, set up a plea of nonclaim, to the effect that the claim had not been presented within one year from the date of Baca's appointment as administrator, and was barred by the statute of limitations. On September 27, 1920, over objection of the executors, Baca filed his amended claim properly entitled, itemized, and verified. The plea of nonclaim was overruled by the court, and upon a subsequent trial on the merits the claim of Elfego Baca was allowed for the sum of $270.

In cause 2636, a claim of Cirilio Baca was presented to the executors on August 5, 1920, and rejected by them on August 10, 1920. On August 23, 1920, suit was begun upon it. After a plea of nonclaim had been entered and overruled, the claim was allowed against the estate for the sum of $211. From these allowances, appeals were taken to this court.

[2] It is the contention of the appellants that, although the appointment of Baca by the probate court was irregular and erroneous, it was not void, and that the creditors of the estate had one year from such appointment to present their claims against the estate. If not presented within one year, the claims were barred by the statute of limitations. They further contend that the first presentation of the claim to Baca, when administrator, was void and of no effect, as it was not properly entitled, itemized, nor verified, nor was five day's notice given of its presentation as required by section 2277, Code 1915. Being void and of no effect, they contend it could not be amended and presented more than one year after Baca's appointment. Appellees, Elfego Baca and Cirilio Baca, on the other hand, contend that said appointment of Elfego Baca was void and the court was without jurisdiction, as the intestacy of the deceased, Byerts, was not shown.

[1] The jurisdiction of the probate court in matters of this nature is derived from Act February 26, 1889 (Laws of 1889, c. 90, § 48) which is Code 1915, § 1430, the material parts of which, for the purposes of this case, are as follows:

"Probate courts shall have exclusive original jurisdiction of all the following cases, to wit: * * * The granting letters testamentary and of administration and the repealing or the revocation of the same; the appointment and removal of administrators. * * *"

Article 6, § 23, of the Constitution gives the probate court the same jurisdiction that it had exercised under the territorial government.

There is conflict of authority as to the effect of intestacy being a prerequisite to jurisdiction in the appointment of an administrator, the two views of the matter being set forth in the following quotation:

"As intestacy is a necessary prerequisite to the granting of general letters of administration, it has been held that a court acts without jurisdiction, where it issues letters of administration upon the estate of a decedent who in fact left a will naming an executor, and that the letters so issued

are ipso facto void. But the generally accepted doctrine is the contrary one to the effect that such letters are voidable only, and not void, and that it will be conclusively presumed from a grant of letters of administration that the decedent died interstate and accordingly that such letters cannot be attacked collaterally on the ground that there is a will." 11 R. C. L. "Executors and Administrators," par. 85, and cases cited.

Most of the cases cited in support of the above proposition relate to actions of a de facto administrator who has been appointed, acted in good faith, and subsequent to his appointment a will of the deceased has been discovered. His acts as such de facto administrator are valid, and his appointment is held to be irregular but not void. See, also, 23 C. J. "Executors and Administrators," § 87. Where, however, as in this case, the lack or want of jurisdiction is shown by the record, it is held that the proceedings are null and void. 4 Ann. Cas. note, page 1123; Boynton v. Nelson, 46 Ala. 501; Nash v. Sawyer, 114 Iowa, 742, 87 N. W. 707; Crosby v. Leavitt, 4 Allen (Mass.) 410; Moore v. Philbrick, 32 Me. 102, 52 Am. Dec. 642; Lee v. Allen, 100 Md. 8, 59 Atl. 184; Taylor v. Syme, 162 N. Y. 513, 57 N. E. 83; Lessee of Griffith v. Wright, 18 Ga. 173; Jones v. Smith, 120 Ga. 642, 48 S. E. 134; Mo. Pac. Ry. C. v. Bradley, 51 Neb. 596, 71 N. W. 283; Elgutter v. Mo. Pac. Ry Co., 53 Neb. 748, 74 N. W. 255; Hendrix v. Holden, 58 S. C. 495, 36 S. E. 1010; Brown on Jurisdiction, § 127. In this case the record, as before stated, shows that there was a will on file and a petition to admit it to probate at the time of Baca's appointment. The appointment of Baca was, therefore, without jurisdiction and a nullity.

Our conclusion that the appointment of Elfego Baca was without jurisdiction disposes of the case, but it might be well to call attention to the many irregularities in the proceedings below, which were carried on in total disregard of the statutes relating to probate matters. The finding of the court that Baca was an assignee of a claim, and not a creditor, disqualified him as adminisistrator. In re Hoss, 59 Wash. 360, 109 Pac. 1071; 23 C. J. "Executors and administrators," par. 109. The

probate court, ignoring Code 1915, §§ 5879 and 5884, declared a will invalid where the law requires that, should the court fail to approve the will, it shall not pass upon its validity but certify its action in failing to approve the will to the district court. Again, the probate court refused the petition of the executors for ancillary letters, although they had been appointed in El Paso, Tex., and sections 5885 and 5886, Code 1915, requires the probate court to issue such ancillary letters where letters testamentary have been issued to executors in a foreign jurisdiction, upon the filing of authenticated copy of such foreign appointment as was done in this case. The probate judge also failed to nominate the executors named in the will pending the final determination of the matter, although required to do so by section 5880, Code 1915, in a case where he declines to approve a will.

It follows, therefore, that the appointment of Elfego Baca being void, claimants had one year from the appointment of the executors under the will to present their claims against the estate. Both appellees, Elfego Baca and Cirilio Baca, presented their claims within this time. Such claims were allowed by the court, and the plea of nonclaim on account of the running of the statute of limitations was properly denied.

The judgment of the lower court in the two cases is therefore affirmed, and it is so ordered.

PARKER, J., concurs.